# CASES DETERMINED

# SUPREME COURT OF NEW MEXICO,

## JANUARY TERM, 1880.

---

GARLAND ET AL., Plaintiffs in Error, v. BARTELS BROTHERS, Defendants in Error.

*January 20, 1880.*

APPEAL. (1) *Description of parties: Replevin, judgment against sureties on replevin bond: Reformation of judgment upon appeal.*

APPEAL FROM JUSTICE. (2) *District court governed by what rules: Jurisdictional amount.*

REPLEVIN. (3) *Value of property and damages for detention most both be assessed.*

1. William Garland commenced an action of replevin before a justice of the peace against Julius Bartels and Gus Bartels as Bartels Brothers. He gave the sheriff a bond with B. H. Hopper and J. H. Hopper as sureties, and 900 ties were replevied of defendants. Julius Bartels appeared and a trial was had before the justice of the peace. It resulted in a verdict by the jury and an assessment of costs by the justice "against Julius Bartels," who appealed to the district court. In the record of that court Bartels Brothers are stated to be "appellants." Neither Garland, nor his sureties, appeared in the district court to contest the appeal, and, upon default, a jury was impanelled to ascertain the damages sustained by Bartels. It assessed them at $270, for which sum, and $46 costs, the district court rendered judgment in favor of "appellants," and against the plaintiff and his sureties.

*Held,* That the parties ought to have been described on appeal to the district court by the same name as in the action commenced originally before the justice of the peace. That in entitling the cause, rendering judgment or otherwise proceeding upon the appeal in the district court, it was irregular to describe the defendants merely by

1

Garland et al. v. Bartels Brothers.

the firm name of Bartels Brothers, but that the judgment ought not to be disturbed for this irregularity, since it in nowise affected plaintiff, and that the judgment of the district court against the sureties was invalid for want of jurisdiction, they not appearing and never having been summoned; but that if there were no other irregularities, the supreme court might reform the judgment so as to obviate this error.

2. In the trial and determination of causes in the district court upon appeals from judgments rendered by justices of the peace the district court must be governed by the same rules that are prescribed by law for the government of courts of justices of the peace in like causes. The law provides that no justice of the peace shall have jurisdiction over a debt or damages in an amount exceeding $100, and the verdict and judgment being for more than double ($270 + $46) this sum, they are erroneous.

3. In any action of replevin brought before a justice of the peace where the plaintiff fails to prosecute his suit to final judgment, a jury must be impanelled, and sworn to inquire and assess the value of the property replevied, together with the damages for the detention of the same, and the justice shall render judgment in favor of the defendant for such value and damages as assessed. Therefore, where the jury was sworn to assess damages only, the oath, as administered, did not include the assessment of the value of the property replevied, and the judgment was rendered for damages only, and not for the value of the property replevied. Such verdict and judgment were held erroneous. The value and damages should be stated separately, both in the verdict and judgment.

Error to the District Court, Colfax county.

William Garland, one of the plaintiffs in error, brought suit in replevin before E. F. Lancaster, justice of the peace in and for Colfax county, to recover certain property, a trial by jury was had and a verdict rendered in favor of the plaintiff. The defendants in error under the name of Bartels Brothers took an appeal to the district court for Colfax county, and on the 25th day of August, A. D. 1879, obtained judgment in said district court upon default of an appearance by said plaintiff Garland. Damages were assessed for said defendants in the sum of $270, and judgment entered in favor of defendants for that sum against said William Garland and B. H. Hopper and J. P. Hopper, the plaintiffs in error, the last two as sureties on the replevin bond of said Garland.

*Louis Salzbacher* and *Breeden & Waldo*, for plaintiffs in error.

The judgment is erroneous because rendered in favor of the defendants by the name of Bartels Brothers and not by the names of the defendants in the original suit.

The judgment is erroneous because entered against the plaintiff William Garland and his sureties on the replevin bond. Such judgment was not authorized by statute and should have been against the plaintiff Garland alone, and the remedy against the sureties upon the replevin bond: Laws of New Mexico, 1875-6, sec. 54, page 85.

The verdict and judgment are erroneous because there was no finding of the value of the property replevied as required by law: Laws of New Mexico, 1875-6, sec. 53, page 84.

*M. W. Mills, Catron & Thornton* and *Frank Springer*, for defendants in error.

It appears by the transcript that the defendants Bartels Brothers were defendants in the original suit, and that the judgment in their favor was proper as to parties.

We concede that the judgment against the sureties was erroneous. The whole judgment should not for that reason be reversed, but it is competent for the supreme court to modify the judgment and affirm it against plaintiff Garland: Comp. Laws N. M., page 108, § 7.

The verdict of the jury, upon which the judgment in the district court was rendered against plaintiffs in error, was for the damages of the defendants by reason of the premises.

Defendants were entitled to have a judgment for the value of the goods and chattels replevied, and also for adequate damages for the detention of the same: Laws 1876, page 84, sec. 53.

They might waive either and take judgment for whichever cause they saw fit or could prove. When judgment was rendered by the district court for damages, the presumption is that it was the damages allowed by law to be adjudged in the action or proceedings disclosed by the record.

BRISTOL, Associate Justice: This case is here from the district court of the first judicial district for the county of Colfax by writ of error. Such of the facts as are necessary to an understanding of the case, are as follows:

William Garland, one of the plaintiffs in error, in April, 1879, instituted an action of replevin before a justice of the peace of said county against Julius Bartels and Gus Bartels, as Bartels Brothers, to recover the possession of nine hundred ties, the value of which is stated in his affidavit for a writ of replevin, to be $90 ; a writ of replevin was issued by the justice of the peace and the sheriff of the county made return thereto that he served the same by taking the property described and delivering it to the plaintiff after taking bonds and reading the writ to defendant; what this bond was does not appear, neither does it appear that the sheriff caused the value of the property to be assessed as required by law, preparatory to taking a bond and delivering the property to the plaintiff. A jury trial was had before the justice of the peace, the plaintiff, William Garland, appearing, and Julius Bartels, one of the defendants, also appearing. The jury, over their signatures, found in writing the following verdict, viz.:

"OTERO, New Mexico, April 19, 1879.

"We, the jury in the case wherein William Garland is plaintiff and Julius Bartels is defendant, find a verdict in favor of William Garland and against Julius Bartels." Whereupon the justice of the peace "assessed the costs of the suit against the said defendant, Julius Bartels." From this judgment or determination, or whatever the ending of the proceeding before the justice of the peace may be called, an appeal was taken to the district court for Colfax county at the instance and request of the said defendant Julius Bartels. The style of the case as entered in the proceedings of the district court for Colfax county upon such an appeal, is:

Garland et al. v. Bartels Brothers.

WILLIAM GARLAND
v.
BARTELS BROTHERS, *Appellants.*

And so much of the proceedings in that court as relate to the judgment in this case which was rendered therein at the August, 1879, term thereof, is as follows:

"WILLIAM GARLAND
v. } *Replevin—Appeal.*
BARTELS BROTHERS, *Appellants.*

"Now come the said defendants and appellants by their attorney, M. W. Mills, Esquire, and the said plaintiff and appellee, although three times solemnly called, comes not, but makes default.

"It is therefore considered and adjudged by the court that the said defendants and appellants ought to recover their damages by reason of the premises, but such damages being unknown to the court, it is ordered that a jury be impanelled to inquire thereof; and thereupon comes a jury, to wit: (Here follow the names of the jurymen), twelve good and lawful men of the body of the county, who being impanelled and sworn well and truly to assess the damages of the said defendants and appellants by reason of the premises upon oaths, assess the same at $270.

"It is therefore considered and adjudged by the court that the said defendants and appellants recover of the said plaintiff William Garland and of B. H. Hopper and J. P. Hopper, his sureties on the bond heretofore filed herein, the sum of $270 and their costs in this behalf expended taxed at $46, and that they have execution therefor."

It is of this judgment rendered by the court below, under the circumstances and upon the facts hereinbefore recited, that the plaintiffs in error complain and assign as error therein as follows:

*First.* That the judgment is erroneous because entered in favor of the defendants by the name of Bartels Brothers, and not by the name of the defendants in the original suit.

*Second.* That the judgment is erroneous because entered

against the plaintiff William Garland and his sureties in the replevin bond; and

*Third.* That the verdict and judgment are erroneous because there was no finding of the value of the property replevied as required by law.

There can be no doubt that the parties ought to have been described by name in the proceedings in the district court below in the same name as in the justice court wherein the action was originally brought. It was irregular to describe the defendants in the entitling of the cause, and that in all the proceedings in the court below, including the rendition of the judgment, merely by the firm name of Bartels Brothers. But as the plaintiffs in error can be in no wise affected by this irregularity, the judgment ought not to be disturbed at their instance on that ground.

The court below acquired no jurisdiction to render a joint judgment against William Garland and his sureties B. H. Hopper and J. P. Hopper, and under no circumstances arising in this action, could the court render a valid judgment against these sureties. In this respect there is manifest error in the judgment. If there were no other irregularities in the proceedings and judgment in the court below, we might perhaps under the statute be justified in reforming the judgment, or in rendering such judgment in this court as would be in conformity with the verdict, but in doing this, we must necessarily pass upon and be satisfied of the validity and sufficiency of the verdict. In the trial and determination of causes in the district court upon appeals from judgments rendered by justices of the peace, the district court must be governed by the same rules that are prescribed by law for the government of courts of justices of the peace in like causes: Session Laws N. M., Session 1876, p. 90, sec. 17. One of the rules prescribed by law for the government of courts of justices of peace as well by the act of congress organizing a territorial government for New Mexico, as by the statute law of such territory, is that no such court shall have jurisdiction over a debt or damages in an amount exceeding one

hundred dollars. Another of such rules is, that in any action of replevin brought before a justice of the peace, where the plaintiff fails to prosecute his suit to final judgment, a jury must be impanelled and sworn, to inquire and assess the value of the property replevied, together with the damages for the detention of the same, and that the justice shall render judgment in favor of the defendant for such value and damages as assessed : Session Laws N. M., 22d Session, 1876, p. 84, sec. 53. It seems from an examination of the record, that neither of these rules, though applicable, were applied to this case by the court below.

The verdict and judgment for damages were for more than double the amount of which a justice of peace has jurisdiction.

The jury was sworn to assess damages only. The oath as administered did not include the assessment of the value of the property replevied. The judgment was rendered for damages only, and not for the value of the property replevied. Such value and damages should be stated separately, both in the verdict and judgment.

For the foregoing reasons, we are of the opinion that the judgment herein by the court below ought to be reversed, and the cause remanded to such court for a proper judgment of default, also for an assessment of the value of the property in controversy, as well as of damages for the detention of the same and for judgment thereon as hereby indicated.

And it is so ordered.