This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                        **NO. 30,414**

**CHRIS SERVANTEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles Cruse Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from his convictions for attempt to commit second degree murder, shooting at or from a motor vehicle, and attempt to commit armed robbery, following a bench trial in district court. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition and a motion to amend the docketing statement. Having given due consideration to Defendant's arguments, we deny Defendant's motion to amend the docketing statement and affirm Defendant's convictions.

**Motion to Amend the Docketing Statement**

Defendant has moved this Court to amend his docketing statement to add a single new issue—whether his convictions for both shooting at or from a motor vehicle and attempted second degree murder violate double jeopardy. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

In his motion to amend the docketing statement, Defendant concedes that our

Supreme Court's decision in *State v. Dominguez*, 2005-NMSC-001, ¶¶ 1, 26, 137 N.M. 1, 106 P.3d 563, held that there was no double jeopardy violation where the defendant was convicted of two counts of shooting at or from a motor vehicle, voluntary manslaughter, and aggravated battery. [MIO 7] Defendant argues that if *Dominguez* were overruled, then his convictions could not stand. Defendant further acknowledges that this Court is bound by Supreme Court precedent. [MIO 9] Because this Court cannot overrule *Dominguez* to reverse Defendant's convictions on double jeopardy grounds, *see Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that the Court of Appeals is bound by the precedents of the Supreme Court), *overruled on other grounds by State v. Reynolds*, 98 N.M. 527, 650 P.2d 811 (1982), we conclude that Defendant has not demonstrated a viable issue in support of his motion to amend. *See Moore*, 109 N.M. at 129, 782 P.2d at 101. We therefore deny Defendant's motion to amend the docketing statement.

**Photo Array**

Defendant challenges the admission of his mug shot photo, because Defendant contends Victim identified Defendant's mug shot photo after impermissible suggestion by the detective. In our calendar notice, we proposed to conclude that any corrupting effect the detective's actions may have had—although what those actions were was not entirely clear from Defendant's docketing statement—was overcome by

other indicia of reliability. [CN 4] In his memorandum in opposition, Defendant appears to argue that Victim's description that the second shooter was an Hispanic man who wore a big, black jacket and had a shaved head, was insufficient to indicate reliability. [MIO 16] However, in proposing summary affirmance, this Court also relied on the district court's findings of fact that indicate that Defendant actually entered Victim's car and sat in the passenger seat [RP 119, fof 5]; that Victim's identification occurred a little over a month after the incident [RP 118, fof 1; RP 120, fof 15]; and that once Victim was shown a recent photograph of Defendant, he positively identified Defendant [RP 120, fof 15]. We proposed to conclude that the close proximity within which Victim was able to view Defendant, the brief lapse of time before the identification was made, and Victim's positive identification of Defendant from two different photo arrays constituted sufficient indica of reliability. *See State v. Salgado*, 1999-NMSC-008, ¶ 22, 126 N.M. 691, 974 P.2d 661 (relying on the close proximity of the witness to the perpetrator in assessing the reliability of the identification); *State v. Stampley*, 1999-NMSC-027, ¶ 29, 127 N.M. 426, 982 P.2d 477 (holding that "[a] one-month lapse of time [for a photographic identification] is not unreasonable, particularly under these circumstances where the witnesses had an opportunity to view the shooter and where their attention . . . was focused directly on the shooter").

To the extent that Defendant argues that the identification was impermissibly suggestive because Victim could not identify Defendant from the first photo array and was only shown a single photograph of Defendant when Victim identified Defendant, Defendant's argument is not supported by the record. Although Victim was unable to identify Defendant from the first photo array, the district court pointed out that there were significant differences in Defendant's appearance when the two photographs were compared. [RP 121, fof 17] This Court therefore proposed to conclude in our calendar notice that Victim's inability to identify Defendant from the older photograph did not render the identification unreliable. *See Salgado*, 1999-NMSC-008, ¶ 22 (holding that even though a witness was equivocal and indefinite in her identification, the fact that the witness got a good look at the perpetrator from a short distance, gave an accurate description, chose his photograph from an array, and identified him again in court provided sufficient indica of reliability). To the extent Defendant asserts that the detective's use of a single photo for Victim to identify Defendant resulted in an impermissibly suggestive identification, nothing in the record supports Defendant's factual assertion. Instead, the record indicates that Victim identified Defendant from two separate photo arrays—a black-and-white photo array and a color photo array. [RP 120, fof 15] *Cf. State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978) (stating that factual recitations in the docketing

statement are accepted as true unless the record on appeal shows otherwise). Because Defendant has not demonstrated otherwise, we conclude that the district court did not err in admitting Defendant's mug shot photo. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

**Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence supporting his convictions. Based on the district court's findings, we proposed to conclude that there was sufficient evidence to support Defendant's convictions. In his memorandum in opposition, Defendant contends that the State failed to present substantial evidence that Defendant was at the scene. However, Victim identified Defendant as getting in his car. To the extent Defendant is arguing that the district court accorded too much weight to Victim's testimony, we point out as we did in our calendar notice that it is for the factfinder, not this Court, to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. To the extent Defendant continues to rely on the lack of fingerprint evidence and the police officer's failure to recover the articles of clothing that Victim identified Defendant as wearing, we remind Defendant that "[c]ontrary evidence supporting acquittal does not provide a

6

basis for reversal because the [factfinder] is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We therefore conclude, based on the analysis set forth in this Court's notice of proposed disposition, that Defendant's convictions are supported by substantial evidence.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**