28 P.(2d) 523

O'NEAL et al. v. GEO. E. BREECE LUMBER CO.

No. 3931.

Supreme Court of New Mexico.

Oct. 20, 1933.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellant.

R. H. Hanna, Fred E. Wilson, and William A. Brophy, all of Albuquerque, for appellees.

BICKLEY, Justice.

This is a suit by appellees (plaintiffs) upon a written contract which appellant admitted was the contract between parties.

After a jury trial, judgment was rendered for plaintiffs upon the verdict. Defendant (appellant) appealed and filed a præcipe for a partial record under the provisions of section 4 of rule XI of the Rules of Appellate Procedure, which præcipe stated that it desires a review of the alleged error of the trial court in refusing defendant's request for certain instructions. The præcipe requested the preparation of transcripts to contain the pleadings; motion for jury trial; defendant's requested instructions, together with notation of the court refusing all of defendant's requested instructions; instructions given by the court to the jury; verdict of the jury; judgment; motion for appeal; order granting appeal; notice of appeal; supersedeas bond; order superseding judgment and staying execution; the præcipe; and clerk's certificate.

Appellees acknowledged service of a copy of the appellant's præcipe and within fifteen days filed and served upon appellant a supplemental præcipe, declaring the record called for in appellant's præcipe to be in-

sufficient to allow a proper review of the questions specified in said præcipe, and directed the clerk to prepare, at the cost of the appellant, further transcripts of the record and proceedings to contain in substance the following:

A portion of the testimony of one witness; the entire testimony of five other witnesses; the motion for directed verdict made by the attorneys for the defendant; Plaintiffs' Exhibits 6, 7, 8, 9, 10, 11, 12, 13, 14; Defendant's Exhibits 3, 4, and 5; the supplemental præcipe and the clerk's certificates; and further directed that in the event that the aforesaid proceedings were not included in the transcript, or record of the appellant, that the clerk would prepare, at the cost of appellees, a transcript consisting of the supplemental præcipe, receipt of counsel for same, and the clerk's certificate.

Appellant ignored the supplemental præcipe and from its position here, apparently refused to bear the expense of the preparation of the transcripts of the matters called for therein, and such matters so called for in the supplemental præcipe are therefore not in the transcripts before us.

Appellee has filed a motion to dismiss the appeal in which it is correctly asserted that appellant relies for reversal of the judgment upon the sole ground that the trial court erred in refusing to give the instructions requested by the defendant.

These requested instructions state certain legal propositions and contain the usual language: "If you find from the evidence * * * (that certain facts exist) * * *

then your verdict will be for the defendant."

It is the contention of appellees, in support of their motion to dismiss, that the error assigned by appellant cannot be reviewed unless the evidence and record called for in their supplemental præcipe is before the court.

In support of this contention, they quote 14 R. C. L. § 51, p. 786: "The scope of an instruction in a particular case is to be determined, not alone by the pleadings therein, but also by the evidence in support of the issues between the parties, and, even though an issue is raised by the pleadings, it is not proper to give an instruction thereon although it may be abstractly correct, where there is no basis for it in the evidence. The principle upon which this rule is founded is that only such an instruction should be given as is based upon the legitimate evidence in the case. The fact that it may be correct as a general principle of law is not material, for it is the duty of the court to confine itself to a statement of such principles of law as are applicable to the evidence received in support of the contentions of the parties, and thus to aid the jury in arriving at a correct determination of the issues involved. If an instruction is not thus based on the evidence it is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to mislead and induce them to suppose that such a state of facts in the opinion of the court was possible under the evidence, and might be considered by them." And also 4 C. J. p. 770, as follows: "Similarly, where instructions

requested and refused stated correct principles of law, it will be presumed, in support of the ruling of the trial court, that they were refused for lack of evidence to support them, where the record does not contain the evidence." In 4 C. J., Appeal and Error, § 2342, it is said: "Where an instruction given or refused depends on the evidence which was adduced and is proper or otherwise, according to the proof, the record should set out the evidence in order to permit a review. Without the evidence, the appellate court cannot review the giving or the refusal of the instruction in question."

A vast number of cases are cited in support of this text, among them the following decisions of our territorial Supreme Court: Lincoln-Lucky, etc., Min. Co. v. Hendry, 9 N. M. 149, 50 P. 330; U. S. v. Watts, 1 N. M. 553. In the latter case, the court said: "The cause has been brought to this court for review on bill of exceptions and appeal. Neither the instructions given to the jury by the court below, nor the instructions asked for by the defendants, can be reviewed by this court, for the reason that the record does not contain the evidence before the jury on which proper instructions to the jury must be founded. In the absence of the evidence, the presumption of law is that there was no conflicting evidence, and that the positive instructions of the court to the jury were in accordance with the legal effect of the evidence submitted: [Wheeler v. Harris] 13 Wall. 56 [20 L. Ed. 531]."

Appellant defending the present transcript of the record says its only contention is that it had a right to have the contract interpreted for the jury by the court and to have its theory of the case presented to the jury. But as we have seen, it is improper for the court to give an instruction announcing a naked legal proposition, however correct it may be, unless it bears upon, and is connected with, the issues involved; and unless, further, there has been received some competent evidence to which the jury may apply it. To do so would tend to distract the minds of the jury from the real questions submitted to them for determination and thereby mislead them.

Further particularized, it seems that the theory of appellant is that the written contract was divisible and that the selection of a disinterested inspector in case of disagreement as to the grade of the lumber involved is a condition precedent to the right of the plaintiffs to bring an action on the contract. But appellees say that so far as the present record shows, it may have been that the uncontradicted evidence was that all conditions precedent had been performed and that matters necessary for the plaintiff to recover had occurred or been performed, and also that the uncontradicted evidence might show that defendant had admitted that the contract was not divisible or the parties had construed it as not divisible or had waived the divisibility.

Appellant says, however, that even if all of the foregoing contentions of appellees are correct, the appellees are not in a situation to complain, because they are in default of a compliance with section 4 of rule XI, and therefore the rule laid down in Marcus v. St. Paul Fire & Marine Insurance Co., 35

N. M. 471, 1 P.(2d) 567, applies, and points to syllabus No. 1 thereof, which is as follows: "If appellant in præcipe for record requests review of instructions and calls for portions of record, and appellee fails to call for additional parts thereof, it will be conclusively presumed, in absence of application for certiorari for diminution of record, that omitted portions are unnecessary (App. Proc. Rule XI, § 4)."

■■ In the first place, appellant is mistaken about the appellees being in default. Appellant argues that since under the Laws of 1907, c. 57, § 31, and Laws 1917, c. 43, § 32, it was provided that in such a situation as is now before us, it was the duty of appellee calling for additional portions of the record by supplemental præcipe to cause the same to be prepared and filed "at his own expense in the first instance," although section 4 of rule XI omits the quoted provision as to who shall bear the expense in the first instance, the rule means the same thing. The argument is fallacious. In section 401, Lewis' Sutherland Statutory Construction (2d Ed.) it is said: " 'It has been a general rule,' says Blackburn, J., 'for drawing legal documents from the earliest times, which one is taught when one first becomes a pupil to a conveyancer, never to change the form of words unless you are going to change the meaning; and it would be as well if those who are engaged in the preparation of acts of parliament would bear in mind that that is the real principle of construction.' Whether the change be by omission, addition or substitution of words, the principle applies. Where changes have been introduced by amendment it is not to be assumed that they are without design."

This view is strengthened by the fact that it is apparent that the change is not made manifest by mere omission of words, but that the whole structure of the section of the statute was worked over. By the statute it was plain that if the additional portions of the record called for by appellee, and prepared and filed at his expense in the first instance, was found by the Supreme Court to be *necessary* to a proper review of a case, such expenses should be taxed against the opposite party (appellant). Since, under section 4 of rule XI, under like circumstances, the costs of the additional matter, if found to be *unnecessary*, is to be taxed against appellee who ordered the same, it seems an irresistible inference that it was contemplated that the opposite party (appellant) had paid the expense in the first instance.

■ Furthermore, in considering the statute, we start with the proposition that it is the duty of the appellant to "file in the office of the clerk of the Supreme Court * * * as perfect and complete a transcript of the record and proceedings in the case as shall be necessary to enable the court to properly review it." Rule X, § 1. This implies, of course, that he is to do so at his own expense in the first instance. The second paragraph of section 4 of rule XI emphasizes the same idea. It is there provided that if the appellee, under the first paragraph, shall have been served with a præcipe by the appellant and shall himself have taken an appeal or intends to take the benefit of section 2 of rule XV by filing a supplemental

præcipe setting forth the questions *he* desires to have reviewed, he may cause to be included such additional portion of the record and proceedings as he may deem necessary for the determination of *his* appeal, "he paying in the first instance the costs of such additional portions so included." So it seems plain from the changes made by the rule that he who is affirmatively seeking a review of alleged error of the district court must present at his own expense in the first instance "as perfect and complete a transcript of the record and proceedings in the case," as will enable this court to properly review it.

It is complained that the protection afforded appellant through the provision that the matters included in the supplemental præcipe, which shall be deemed by this court unnecessary for a review of the case, shall be taxed against the appellee, is inadequate because it might turn out that the costs, if so taxed against appellee, would be uncollectible. That may be a just criticism of the rule and suggest its amendment, but it does not change it. However, that was also the situation before we had the provision for taking up less than the entire record. The appellant had the burden, in the first instance, of presenting "as perfect and complete a transcript of the record and proceedings as is necessary, etc.," at his own expense, and if he prevailed in this court he would recover his costs; but as to whether he could collect such judgment for costs would depend upon circumstances. It is recalled that the Appellate Procedure Act of 1917, § 15, required appellant to file a cost

bond and, in case of failure so to do, the appeal would fail. The many unfortunate consequences of that stringent provision caused the adoption of our rule XIX, § 5, that "no bond for costs shall be required upon any appeal or writ of error." So while, as appellant says, there is a supersedeas bond in the instant case, which would afford appellee protection in case he paid the expense of additional matter called for in his supplemental præcipe in the first instance, that protection is not ordinarily afforded to appellee, since appellants usually file no cost bonds, so it would appear that ordinarily appellee has no greater protection in the matter of costs than has appellant. It is possible that the courts having power to tax costs have power on a proper showing by order to require security for such costs as may be thereafter taxed; and thus relieving against the possibility of hardship and injustice.

■ In the Marcus Case, there was presented in the transcript *some* evidence which we held sufficient to enable us to review the error of the court in refusing to give an instruction in view of appellee's failure to call for additional portions of the record under the rule. In the case at bar, *none* of the evidence is in the transcript of record, and appellees by calling for additional portions of the record and proceedings are not in the position of having "consented to the record as made out by appellant * * * on the præcipe first filed."

The next question for consideration is whether, on account of what we have held, the appeal must be dismissed. Appellant

points to section 3 of rule XIV as follows: "No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits." And to the last paragraph of section 4 of rule XI, providing: "Supplemental præcipes and certiorari for diminution of the record shall be allowed in any cause at the discretion of the court and in furtherance of justice." And to section 14 of rule X: "Certiorari for diminution of the record may be issued of the court's own motion, for the correction, completion, perfecting or recertification of the record. The writ may also be awarded on the written motion of a party, showing good cause, and verified by affidavits, unless the facts set up as cause be admitted. The court may, in its discretion, deny such motion in case of neglect or unreasonable laches of the moving party. Such terms may be imposed and such costs taxed or awarded to the opposite party as the court may deem just, whether the writ be issued on the court's motion or on motion of a party."

■■ As we understand the motion to dismiss, it is claimed that the omitted portions of the record are necessary to give this court jurisdiction to review the questions presented. In this, movants are in error. See Ball et al. v. U. S. Copper Co. et al., 35 N. M. 637, 6 P.(2d) 192. If appellant has presented a transcript which is not as perfect and complete as is necessary to enable us to review the case, we still have jurisdiction of the appeal and may make such orders as may be appropriate, but we cannot review the case unless and until a sufficient transcript of the record is filed.

Appellees, movants, have not presented a satisfactory showing of prejudice to them or that the ends of justice require the granting of the motion at the present time.

Appellant will be granted 20 days in which to invoke the discretion of this court to issue its writ of certiorari for diminution of the record, to the end that the portions of the record and proceedings called for heretofore in appellees' supplemental præcipe filed in the office of the clerk of the district court August 7, 1933, shall be brought into this case by duly certified transcripts at the expense of appellant in the first instance, in case such writ shall be issued.

In case of failure of appellant to proceed as herein indicated, then the case will be forthwith deemed submitted for such further action as we may deem proper. And it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.