357 P.2d 1087

**Lowell WILLIAMS, Plaintiff-Appellant,**

**v.**

**Joe W. BURKE, Defendant-Appellee.**

No. 6676.

Supreme Court of New Mexico.

Dec. 27, 1960.

---

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Ray H. Rodey, Albuquerque, for appellee.

MOISE, Justice.

Only two questions are involved in this appeal. They are, (1) should the court have instructed the jury on the doctrine of unavoidable accident, and, if so, was the instruction as given a correct statement of the rule, and (2) should the court have given an instruction on the law applicable to crosswalks?

The appeal is from a judgment in favor of defendant entered upon a jury verdict. The facts are briefly as follows: Plaintiff was a heavy equipment operator employed by a subcontractor on a highway construction job east of Hagerman, New Mexico. On the afternoon of the accident plaintiff was picked up by his superior, Ernest Lee, at the place he was working, and was taken a short distance down the road in a Chevrolet pickup truck. The pickup truck was parked in the right hand lane of the roadway heading west, or off to the right of the roadway, there being a conflict in the evidence on this point, and plaintiff and Mr. Lee went over on the south side of the road where plaintiff was being shown some work which had to be done at this point.

At this time defendant, who was a surveyor with the highway department, with his rodman George Dodson accompanying him in a jeep, came over a hill some 500 feet to the east of where the pickup was parked and where plaintiff and Mr. Lee were. Defendant had an unobstructed view and could see the two men and the pickup as he approached them. Defendant reduced his speed until at a point some 150 feet from where the two men were, he was going approximately 20 miles per hour when he pulled into the south lane to go around the pickup. According to the defendant and the witness Dodson, suddenly, when they were no more than 20 or 25 feet from the plaintiff, he darted out into the road without looking up. He went about half way across the south lane of the road where defendant was approaching, then turned as if to go back when he fell or was knocked to the ground sustaining the injuries of which he complains.

Plaintiff claimed that he was standing at the side of the road and did not move, but was struck by defendant's jeep. The roadway was some 18 to 24 feet wide at the place of the accident.

At defendant's request the court gave the following two instructions:

"20. 'Unavoidable accident' is defined as an accident which is not occasioned in any degree, either directly or remotely, by want of such care or prudence as the law holds every man bound to exercise. You are, therefore, further instructed that if, after full consideration of all the evidence, you believe that the plaintiff's alleged accident was caused by an unavoidable accident then there can be no recovery in this action and your verdict must be for the defendant."

"8. The law requires the pedestrian who may be crossing a roadway other than within a marked crosswalk or within an unmarked crosswalk at an intersection to yield the right-of-way to all vehicles upon the roadway.

"In this case, if you find that the plaintiff was crossing the road at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, you are instructed that it was his duty to yield the right-of-way to the Defendant. If you find that the plaintiff failed to yield the right-of-way and this was a proximate cause of the accident or collision, if any, then your verdict must be in favor of the defendant and against the plaintiff."

Plaintiff's objection to instruction No. 20 was as follows:

"Comes now the plaintiff and objects and excepts to the Court's Instruction No. 20 on unavoidable accident and as grounds therefor states there is no evidence of record to advise giving an instruction on unavoidable accident. This instruction is not a correct statement of the law and to give this instruction in view of the total lack of evidence to justify it is to interject a false issue for determination by the Jury, to the prejudice of the plaintiff. There was evidence of a substantial nature showing the negligence of the defendant and for the Jury to have the opportunity to find for the defendant on the basis of unavoidable accident is highly prejudicial to the plaintiff."

The parallel between the situation here and that passed on in Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028, is most striking. In that case, as here, negligence was pleaded in the complaint, the defendant answering by way of denial, plea of contributory negligence and unavoidable accident. On the authority of that case plaintiff's point I is ruled against him, both

as to the claimed error in the giving of the instruction, and as to the complaint concerning its content.

Plaintiff objected to the giving of instruction No. 8, quoted above, on the ground that there was no evidence upon which to base it, there being "no evidence that there was an intersection at the point where the accident occurred, there is no evidence to indicate that there was any reason for there either to be unmarked or marked crosswalks," and that the instruction interjected a false issue and was highly prejudicial.

█ It is plaintiff's position that the law as stated in the instruction is applicable to state the duties of a pedestrian at an intersection where there are crosswalks either marked or unmarked, and not under circumstances such as are present here where there is no evidence that a marked crosswalk existed within many miles of the point of the accident. He relies on Pitner v. Loya, 67 N.M. 1, 350 P.2d 230, 232. We have examined that case and do not believe that it supports plaintiff's claim that no instruction should be given concerning the duties of a pedestrian except at an intersection without marked crosswalks or at marked crosswalks. As we appraise our holding we concluded that the court erred in giving the instruction, which incidentally differed materially from the one given in the instant

case, because it "was completely outside the pleadings and evidence and likewise contrary to the court's ruling." The court had ruled at the close of the entire case and after both sides had rested, that there should be stricken from defendant's answer "the language referring to crosswalks or other traffic controls on the highway for pedestrians as there was no substantial evidence that there were crosswalks or other traffic controls and there was no evidence that plaintiff was attempting to cross the highway." Thus it is evident that the situation there being passed upon differs in material respects from the instant case. By what we said about the accident happening on the "open highway" or in "open country" we did not mean to suggest that § 64–18–34(a), N.M.S.A.1953, which reads as follows:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

does not set up the rule applicable to every pedestrian who attempts to cross a roadway at any place other than a marked crosswalk or an intersection requiring him to yield the right of way to vehicles travelling thereon.

Neither did we mean to intimate that this section specifies duties of pedestrians

only at locations where crosswalks, marked or unmarked, may be found. On the contrary, it would seem clear that it applies in every situation where a pedestrian attempts to. cross a road where there is no intersection or marked crosswalk. No issue is made that the road, while still under construction, was not a roadway as defined in the statute and it does affirmatively appear that it was being used for travel by the public at the place of the accident. Neither is any question raised that plaintiff while working on the road was not to be considered as a pedestrian.

■ An examination of Chap. 139, N.M. S.L.1953, discloses that the act was intended as a comprehensive "Code Regulating Traffic on Highways." It defines a "pedestrian" as "any person afoot" (§ 64–14–13 (b), N.M.S.A.1953) and defines a "roadway" as "That portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder * * *" (§ 64–14–16(c), N.M. S.A.1953). Thus it is clear that § 64–18–34 (a) applies to every person afoot who attempts to cross the travelled portion of a highway at a place other than a marked crosswalk or an intersection and places upon him a duty to yield the right of way to vehicles on the highway. This section appears in the original Chapter 139, N.M. S.L.1953, in a subdivision of the act bearing a heading, "Pedestrians' Rights and Duties." There is nothing to indicate that it was intended to apply only on city streets, but on the contrary all indications are that it was intended to have broad and general application. See Leo v. Dunham, 41 Cal.2d 712, 264 P.2d 1; Martin v. Harrison, 182 Or. 121, 180 P.2d 119, 186 P.2d 534; and Vol. 2 A Blashfield Cyclopedia of Automobile Law and Practice (Perm. Ed.), §§ 1451 and 1451.5.

It is inaccurate to denominate the instruction as one applicable to crosswalks as is done by plaintiff—rather it prescribes the duties of a pedestrian in crossing a roadway. We believe the court might properly have omitted all reference to crosswalks and intersections in its instructions and have merely advised the jury that under the undisputed facts here present the plaintiff had a duty to yield the right of way. By adding in the circumstances under which this would not be true in the terms of the statute could not have prejudiced the plaintiff.

Finding no error, the judgment of the lower court is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.