363 P.2d 365

Mary Ann MARTIN, by her mother and next of friend, La Von Martin, and La Von Martin, Individually, Plaintiffs-Appellants,

v.

Alfredo GOMEZ, Defendant-Appellee.

No. 6799.

Supreme Court of New Mexico.

June 29, 1961.

**2**

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Leland B. Franks, Albuquerque, for appellants.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an action by plaintiffs, Mary Ann Martin, a minor, by her mother and next of friend, La Von Martin, and La Von Martin, individually, for damages for personal injuries sustained by the plaintiff, Mary Ann Martin. The complaint alleged that the plaintiff, Mary Ann Martin, a minor, while crossing Marble Avenue in Albuquerque was negligently run over and injured by the defendant. The answer denied any negligence on the part of the defendant and, in addition, set up the defense of unavoidable accident. The jury found for the defendant and the plaintiffs appealed.

The defendant testified that as he was driving west on Marble Avenue he saw a parked Cadillac car on the south side of the street facing east and another car on the north side of the street facing west. He testified further that as he continued west on Marble Avenue he saw the opened right rear door of the Cadillac, but he denied seeing anyone sitting in the car or standing next to the door. He also testified that he was driving in the middle of the street.

Plaintiffs first contend that there was a lack of substantial evidence to support an instruction on unavoidable accident, and, further, that the instruction was not a correct or adequate statement of the law on the subject since it contained no definition of unavoidable accident.

We will first consider whether the evidence warranted an instruction on unavoidable accident. We believe that it did. As was stated by this court in Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028, 1030:

"* * * Appellee affirmatively pleaded that the accident complained of was unavoidable. There is evidence in the record bearing upon this point. We have repeatedly held that a party is entitled to an instruction on the theory of his case upon which there is evidence. * * *"

The situation in this case is much the same.

As a guideline to follow in cases where unavoidable accident is pleaded, we stated as follows in Lucero v. Torres, supra:

"* * * On the other hand, the very nature of some of the motor vehicle cases, such as this, suggests that genuine questions of mere accident or of unavoidable accident, giving foundation for the instruction, may be present. A prominent feature may be one of surprise, sudden appearance and reasonably unanticipated presence of a pedestrian, combined with circumstances which present a fair issue as to whether the failure of a driver of a motor vehicle to anticipate or sooner to guard against the danger or to avoid it, is consistent with a conclusion of the exercise of his due care. * * *"

See also Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362.

In this case, the defendant was driving slowly in the middle of the street, presumably as a precautionary measure, since the defendant was aware that children sometimes played in the vicinity. The defendant testified that he did not see the plaintiff, Mary Ann Martin, standing by the opened door of the parked car. Here we had the element of sudden appearance as the plaintiff darted across the street from behind a parked car, thereby creating an element of surprise.

Plaintiffs urge that the giving of any instruction on unavoidable accident was error since the defendant, by driving on the left of the center line, was in violation of both § 64-18-8, N.M.S.A., 1953 Comp. and a municipal ordinance, and that these violations constituted negligence as a matter of law. It may be conceded that the defendant violated the provisions of the statute and the pertinent city ordinance; yet, this fact does not resolve the decisive question of causation.

Granting that the defendant violated this statutory mandate, nevertheless, the evidence in this case relative to a causal connection between the statutory violation and the injury is not such as would have justified the trial court in ruling as a matter of law that the violation was the proximate cause of the injury. Consequently, the trial court was correct in leaving the issue of causation to the jury.

**4**

■ As Prosser on Torts points out at page 155, there are certain statutes a violation of which in and of itself is the proximate cause of an injury. But there are other statutes, such as the one involved in this case, a violation of which may or may not have any causal connection with an ensuing injury.

In our opinion this particular point of contention is governed by the following statement in Williams v. Haas, 52 N.M. 9, 189 P.2d 632, 635:

"If it is granted that the plaintiff was negligent in entering the intersection as he did without stopping or signaling as required by 1941 Comp., § 68–517, or in violation of the provisions of § 68–518, according right of way to vehicles on the right under certain conditions (although apparent that plaintiff's car had entered the intersection before defendant's truck did) still these facts do not resolve the decisive inquiry of causation. After all contributory negligence is not established until causal relationship between it and the injury is shown. This is where error appears in the trial court's action in directing a verdict against the plaintiff. *He was entitled to have it say whether any violation shown by him of statutory regulations or the common law of due care was a proximately contributing factor in*

*bringing about his injury.* * * *"*
(Emphasis ours.)

Plaintiffs' next contention is that even if the giving of an instruction on unavoidable accident was proper, the particular instruction given was incomplete, incorrect, and misleading, thereby prejudicing their case, this for the reason that the phrase "unavoidable accident" was not defined.

The court's instruction on this issue was as follows:

"You are instructed that if you find from the evidence that the striking of Mary Ann Martin by defendant's auto was a result of an unavoidable accident then the plaintiff cannot recover and your verdict must be for the defendant."

Plaintiffs urge that since this instruction amounted to no more than a mere phrase which contained no definition of the term unavoidable accident, it tended to mislead the jury and thus constituted reversible error.

■ We believe that plaintiffs' contention in this regard is well taken. As this court stated in Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640, 643:

"The requested instruction containing the legal phrase 'unavoidable accident,' is not sufficiently definite to apprise

the jury of its import, and unless followed by a definition it is misleading and should not be given. * * *"

 Defendant asserts that the vice in the instruction was not preserved for review. We do not agree. Plaintiffs' objection to the court's instruction on unavoidable accident was based on the court's failure to define unavoidable accident. We believe that such an objection sufficiently apprises the court of the specific vice in its instruction. We are of the opinion that the plaintiffs "did all that was necessary and that the court could not have misunderstood or been misled." Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798. Zamora v. Smalley, supra.

 The rule in this jurisdiction is that to preserve for review the trial court's error in giving an erroneous instruction "it is not a prerequisite to a right to complain of an instruction that a correct instruction be offered—rather the important question concerns the clarity with which the errors in the instruction given have been called to the attention of the trial court." Baros v. Kazmierczwk, supra. Also see Zamora v. Smalley, supra.

The trial court's action in giving an instruction on unavoidable accident without a definition thereof having constituted prejudicial and reversible error, it becomes unnecessary to consider other claimed errors.

The judgment should be reversed and the cause reinstated for a new trial.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.