401 P.2d 100

**Joseph E. GOULD and Phyliss G. Gould, his wife, Plaintiffs-Appellants,**

**v.**

**BROWN CONSTRUCTION COMPANY, a corporation, and Bynard Fox, Defendants-Appellees.**

**No. 7517.**

Supreme Court of New Mexico.

April 12, 1965.

· Garland & Martin, Las Cruces, I. M. Smalley, Deming, for appellants.

Ray Hughes, Benjamin M. Sherman, Deming, for appellees.

CARMODY, Chief Justice.

Plaintiffs appeal from an adverse jury verdict in a damage action arising out of a collision which occurred during a dust storm.

The defendant Fox was an employee of the defendant construction company, and on the day in question was driving his vehicle easterly from Deming, New Mexico. At several places along the highway, there were dust-cloud formations which rendered driving difficult. As Fox proceeded, he saw the particular dust cloud from about a half mile away and drove into it at a speed of approximately twenty-five miles per hour. According to his testimony, he thought he could see 100 to 200 feet into the dust cloud before he entered it, but when he actually drove into the dust cloud, it closed in like a curtain and he struck the rear of plaintiffs' car. The plaintiffs' automobile had been proceeding in the same direction as Fox, either at a very slow rate of speed or was perhaps stopped, because there was evidence that a house trailer which plaintiffs had been following stopped in front of their automobile. The force of the collision drove the plaintiffs' car into a vehicle in the oncoming lane and both plaintiffs were severely injured.

Plaintiffs rely for reversal on what are termed fourteen different points. Each point is an attack upon the claimed error on the part of the court in giving certain instructions, and the refusal of the court to give other instructions requested by the plaintiffs.

Although not specifically stated in each of the points, the underlying error urged is that there was no substantial evidence justifying the giving of instructions on contributory negligence, unavoidable accident, sudden emergency, and the instruction on the effect of the violation of § 64-18-49, N.M.S.A. 1953, which concerns the stopping or parking of a vehicle upon the traveled part of a highway when it is practical to do otherwise.

We approach the issues, bearing in mind, among others, the various rules of appellate procedure having to do with the conclusiveness of the verdict if based upon

substantial evidence, Viramontes v. Fox, 1959, 65 N.M. 275, 335 P.2d 1071; Johnson v. Nickels, 1959, 66 N.M. 181, 344 P.2d 697; Romero v. H. A. Lott, Inc., 1962, 70 N.M. 40, 369 P.2d 777; and Hamilton v. Doty, 1963, 71 N.M. 422, 379 P.2d 69; the duty of the trial court to properly instruct the jury, Gallegos v. McKee, 1962, 69 N.M. 443, 367 P.2d 934; and the fact that the trial court had the opportunity not only of passing on the instructions originally, but thereafter approving the same and the verdict in denying a motion for new trial. Compare Reck v. Robert E. McKee General Contractors, 1955, 59 N.M. 492, 287 P.2d 61.

In the last analysis, the problem is whether or not there was any substantial evidence, or a reasonable inference from the evidence adduced, from which it could be determined that the plaintiff, Mrs. Gould, had stopped her automobile on the highway. In considering this question, we, of course, under our authorities, must view the evidence in the light most favorable to the appellee. The record would indicate that the plaintiff, Mrs. Gould, testified that her car was not stopped prior to the collision, but she also testified that she was following closely behind a large white house trailer at a distance of some twenty or thirty yards. The defendant Fox testified that he did not know whether the plaintiff's car was stopped or not at the time he struck it, but that it appeared that it was stopped. The operator of the car in the opposite lane testified to the effect that, because of the dust, he stopped at the rear end of the house trailer prior to the accident and that the house trailer was stopped for "minutes and seconds." There is also evidence that, after the accident, the trailer was stopped on the highway and had to be removed by a wrecker.

The trial court, in giving the instructions, particularly as to contributory negligence and the effect of the violation of the statute, felt that it was a jury question as to whether Mrs. Gould had stopped on the highway and whether or not it was practical for her to drive off the highway. It would seem that if the plaintiffs were following the house trailer at the distance stated, and there was evidence that the house trailer was stopped for an unknown length of time, then it logically follows that there was a question of fact as to whether Mrs. Gould was or was not stopped. If the jury, under all of the evidence, could have determined that she was stopped on the highway, then it was only proper for the court to do as he did, i.e., instruct the jury as to the statute prohibiting stopping on the highway and its effect. Under the instructions, the jury was also told to determine whether such stopping, if it did occur, was negligence under the circumstances of the case. These were all questions which were submitted to the jury, and, whether based upon these or

other considerations, they, in their judgment, returned a verdict in favor of the defendants.

■ The jury had before it all of the facts which are available to us in the form of the typewritten record, including the uncontroverted testimony by both of the plaintiffs that they were totally unfamiliar with the road; that for several miles Mrs. Gould had followed the trailer because it served as a guide to her through the various dust formations; the trailer was quite large, white, and had its lights burning; at the place where the accident occurred, the storm was particularly bad and visibility was so impaired that several vehicles had driven off of the highway and stopped. Although the members of this court might very possibly have a different opinion from a reading of the record, nevertheless it is clear that a jury question was presented, relating to the claimed stopping on the highway, in view of all of the surrounding circumstances. Sapp v. Atlas Building Products Co., 1957, 62 N.M. 239, 308 P.2d 213. Both parties rely upon certain statements made in Horrocks v. Rounds, 1962, 70 N.M. 73, 370 P.2d 799, in which the statute with reference to stopping on the highway was discussed at some length. To us, it is implicit in Horrocks that the question of whether a violation of the statute is present turns on the practicality in any given situation of stopping, parking, or leaving the automobile off the highway. A determination of this question is peculiarly one which requires the application of the rule as to what an ordinary reasonable and prudent man would do under the circumstances. This is exactly what was submitted to the jury, and it is not for us to overturn their considered judgment, particularly where the trial judge not only passed upon the question prior to the giving of the instructions, but, in addition, ruled against the appellants under their motion for a new trial. The jury, composed of twelve people from Luna County, where the accident occurred and the case was tried, were no doubt familiar with the difficulties in driving automobiles in the area, as was the district judge. Only by substituting our opinion from a cold record might we arrive at any conclusion other than that a jury question was presented. This we decline to do. See Annotations, 37 A.L.R. 587 and 73 A.L.R. 1020, regarding general question of negligence and contributory negligence in cases involving driving when view is obscured by dust.

■ We do not believe there was error on the part of the trial court in submitting the questions to the jury of contributory negligence, unavoidable accident, and sudden emergency. Neither was there any error in explaining to the jury the legal effect of stopping on the highway and submitting to them the questions of whether or not the

plaintiff did so, and whether it was practical to have done otherwise.

Plaintiffs also claim that the trial court erred in refusing to give certain instructions requested by them. We have examined each of the requested instructions and have compared them with those given by the court. The requested instructions were covered by the other instructions given by the court, and the refusal to give those requested in their exact language is not error. See Cunningham v. Springer, 1905, 13 N.M. 259, 82 P. 232, aff'd 204 U.S. 647, 27 S.Ct. 301, 51 L.Ed. 662, 9 Ann.Cas. 897; Frei v. Brownlee, 1952, 56 N.M. 677, 248 P.2d 671; Ferris v. Thomas Drilling Company, 1957, 62 N.M. 283, 309 P.2d 225; Bryan v. Phillips, 1962, 70 N.M. 1, 369 P.2d 37; and Hamilton v. Doty, 1963, 71 N.M. 422, 379 P.2d 69. In connection with the refusal of the court to give the instructions sought, it is of interest to note that an instruction was given, without objection by either party, that it was not negligence to drive an automobile through a dust storm if ordinary care was exercised under the circumstances, but that the degree of care varies with the denseness of the dust and the danger to be avoided. When this particular instruction is considered together with the others which were given, it would have been misleading, confusing and contradictory to instruct the jury as requested by the plaintiffs. This is more particularly so because the main thrust of the proposed instructions related to the defendant Fox's duty while operating his vehicle under the circumstances, whereas those given by the court referred to the duties and obligations of both of the parties.

Finally, plaintiffs urge that there should have been no instructions on unavoidable accident or contributory negligence, because they were not properly pleaded. Suffice it to say that the case was tried in part upon these theories and, whether properly pleaded or not, it would appear that such instructions were necessary under the evidence. Additionally, the specific vice now claimed was not pointed out and a ruling of the trial court invoked so as to preserve the error, if such it was. See Gonzales v. Allison & Haney, Inc., 1963, 71 N.M. 478, 379 P.2d 772.

We have given careful consideration to all of the cases cited by the plaintiffs and find them to be distinguishable on their facts, thereby making unnecessary an extended discussion of the same.

The judgment will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.