428 P.2d 634

Paul H. STEHWEIN, Father and Next Friend of Robert E. Stehwein, a Minor, and Paul H. Stehwein, Individually, Plaintiff-Appellant,

v.

George M. OLCOTT, Defendant-Appellee.

No. 8293.

Supreme Court of New Mexico.

June 12, 1967.

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for appellant.

**96**

Toulouse, Ruud, Gallagher & Walters, J. E. Casados, Albuquerque, for appellee.

OPINION

COMPTON, Justice.

This action was brought by the plaintiff individually and as father and next friend of the minor, Robert E. Stehwein, for damages for personal injuries allegedly suffered by the son as a result of an automobile accident. The case was tried to a jury and from the judgment entered upon the verdict, the plaintiff appeals.

On the morning of December 30, 1964, the defendant, with his two sons and young daughter, drove to the Santa Fe Ski Basin. It was not snowing on that particular morning but the sky was overcast and there was snow on the ground from a snow the previous night. The road between Santa Fe and the ski basin, called Hyde Park Road, is paved from Santa Fe to approximately halfway to the basin. The unpaved portion had been recently graded and was described as slippery, being covered with ice and snow.

The defendant left his two sons at the ski basin and started back down the steep grade. His car was equipped with snow tires and chains on the rear wheels. He proceeded down the grade in low gear and was controlling his car by constantly pumping his brakes. He estimated his speed at from fifteen to twenty miles per hour. The traffic going up the hill was moderately heavy, but defendant met and proceeded past this traffic with no trouble.

Then at a point four or five miles down the mountain, defendant entered an S curve, as did young Stehwein, driving a car belonging to the father of a girl friend, his passenger that morning on their way to the basin. On the outer edge of defendant's lane there was a sharp drop-off down the mountain side, while a steep embankment bordered the edge of Stehwein's lane. Although the road remained wide enough at all times so that cars could pass, it narrowed in the area of the S curve.

Upon sighting defendant's vehicle, Stehwein steered to the extreme right edge of his lane and slowed his speed. When defendant first saw Stehwein they were about 100 yards apart. For another 50 yards defendant proceeded as before, gently pumping his brakes. He then realized that the presence of the approaching vehicle on the narrowed roadway required greater caution and he applied his brakes fully. When he did so his car skidded and, due to the slope of the road to the uphill lane, it slipped into the car being driven by Stehwein.

After the collision the two drivers pulled the left fenders of both vehicles away from the tires. Defendant then continued down the grade. Stehwein and his passenger proceeded on up the road until reaching a point wide enough to allow them to turn the car around. Then they, too, proceeded back down the grade and back to their homes in Albuquerque. That night Stehwein suffered pain in his stomach, side and ribs and began to vomit, following which he was taken to a hospital for treatment. The stomach condition and medical expenses are alleged to be the result of plaintiff's having been thrown against the steering wheel and the door of his car.

The jury was instructed on the questions of sudden emergency and unvoidable accident over the plaintiff's objections that the instructions were not warranted by the evidence. Plaintiff now claims reversible error in the giving of these instructions.

It appears that the defendant's car was well equipped for the road conditions. He had safely passed other cars traveling up the grade. It was not until the sudden appearance of the Stehwein driven vehicle on the narrowed S curve that he fully applied his brakes. In this situation the defendant was entitled to have his conduct viewed by the jury in the light of what a reasonably prudent person would do under like circumstances upon being confronted with unexpected peril. We think the instruction on sudden emergency was warranted by the evidence. See Gould v.

Brown Construction Company, 75 N.M. 113, 401 P.2d 100; Otero v. Physicians & Surgeons Ambulance Service, Inc., 65 N.M. 319, 336 P.2d 1070; and State ex rel. State Highway Commission v. Davis, 64 N.M. 399, 329 P.2d 422. See, also, U.J.I., No. 13.14.

We also conclude that the trial court did not commit error in giving the instruction on unavoidable accident. It is conceded that Stehwein was in no way negligent. Whether the defendant failed to exercise due care to avoid the accident and whether the accident occurred without the negligence of anyone being the proximate cause are conflicting issues presented by the evidence. The jury could have reasonably concluded either way. The evidence warranted the giving of the instruction. An extensive list of New Mexico cases on the subject of unavoidable accident may be found in U.J.I., No. 13.9. Our latest case discussing the propriety of giving an unavoidable accident instruction is Grubb v. Wolfe, 75 N.M. 601, 408 P.2d 756. In that case we said:

"* * * The proper test is whether there is any evidence from which the jury could possibly conclude that the accident occurred without the negligence of anyone being the proximate cause. * * *"

See Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934; and Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028. Compare Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799. The present case is somewhat analogous to the case of Gould v. Brown Construction Company, supra, where a dust cloud of unexpected density provided the surprise or road condition which we held justified an instruction on unavoidable accident and sudden emergency.

Plaintiff next complains of the trial court's refusal to give an instruction requested by him dealing with the duty of a motorist to control his speed in order to avoid a collision. We find no error in this respect. The requested instruction consisted of a quote from a portion of § 64–18–

1.1, N.M.S.A.1953, as it existed prior to the amendments by Laws 1963, ch. 145, § 1; and Laws 1965, ch. 29, § 1. The trial court gave an instruction fully setting forth the drivers' duty as to lookout, speed and control. We can find no significant difference in the standard of duty in the instruction given and plaintiff's requested instruction. See Gould v. Brown Construction Company, supra.

The plaintiff further complains that the court erred in denying his motion for a new trial. The granting or denial of a motion for a new trial rests within the sound discretion of the trial court, and the ruling of the court should not be disturbed in the absence of a clear abuse of discretion. Scott v. Brown, 76 N.M. 501, 416 P.2d 516; and Mahoney v. J. C. Penney Company, 71 N.M. 244, 377 P.2d 663. What has been said disposes of this motion. There was no abuse of discretion.

The judgment should be affirmed. It is so ordered.

NOBLE, J., and SPIESS, J., Ct. App., concur.