438 P.2d 637

Charles FLANARY, Plaintiff-Appellee,

v.

TRANSPORT TRUCKING STOP, a New Mexico Corporation, and Red Pierce, Defendants-Appellants.

No. 75.

Court of Appeals of New Mexico.

March 1, 1968.

George M. Murphy, Rowley, Davis, Hammond & Murphy, Clovis, for defendants-appellants.

Samuel M. Laughlin, Jr., Roswell, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Plaintiff's tractor-trailer combination became difficult to steer and left the highway. The jury verdict awarded plaintiff damages, thus determining that defendants were negligent. Defendants appeal from the denial of their motion for judgment notwithstanding the verdict or in the alternative, for a new trial. Defendants contend the motion for judgment nowithstanding should have been granted because (1) the evidence of negligence was insufficient and (2) the evidence of proximate cause was insufficient. They contend the motion for new trial should have been granted because the trial court refused their requested instruction on unavoidable accident.

A judgment notwithstanding the verdict is proper only when it can be said that there is neither evidence nor inference

from which the jury could have arrived at its verdict. A judgment notwithstanding the verdict is improper if different inferences may reasonably be drawn from the evidence. Chavira v. Carnahan, 77 N.M. 467, 423 P.2d 988 (1967). An inference is a logical deduction from facts proven. Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962); Gray v. E. J. Longyear Co., 78 N.M. 161, 429 P.2d 359 (1967).

The answer to the first two issues is reached by determining whether there is evidence or inference from which the jury could have determined that defendants were negligent and that this negligence was the proximate cause of the accident.

*Defendants' negligence.*

The following facts are undisputed:

Transport Trucking Stop, through its employee Pierce, made repairs to lug bolts on the right driver wheel of plaintiff's tractor. In effecting these repairs, various parts of the wheel assembly were taken off, including the axle, nuts, bearings, hub and related parts. After the repairs, the parts were reassembled.

The disassembly and reassembly of the parts occurred twenty miles southwest of Portales. From there, plaintiff proceeded to Roswell and then west. When plaintiff reached Hondo Canyon, he had the sensation that his trailer fell, at which time the steering wheel was jerked from his hands. The tractor went off an embankment into a bar ditch; the trailer overturned.

After the accident, the hub of the right driver wheel was separated from the truck a sufficient distance to expose the brake shoe. The bearings and nuts had come off the axle tube and lay loose in the hub.

On conflicting evidence, the jury could determine the following facts:

The nut next to the bearing had been broken and welded. The weld was broken after the accident. The threads of the outside or locking nut had been cross threaded. Both nuts had been handled by defendant Pierce in effecting repairs to the lug bolts.

Plaintiff had repair work done on the right driver wheel assembly in Illinois. New parts were used in the Illinois repairs including the two nuts. Between the time of the Illinois repairs and the repairs performed by defendants, the right driver wheel assembly had not been worked on, dismounted or handled in any way.

■ An act may be negligent if a reasonably prudent person would foresee that the act involves an unreasonable risk of injury to another and the reasonably prudent person, in the exercise of ordinary care would not do that act. See N.M. UJI 12.1, and cases cited in the Committee Comment.

On the basis of the above facts, the jury could infer that defendants broke and welded the inside nut and cross threaded the lock nut. On the basis of such facts and inferences, the jury could determine that defendants were negligent.

*Proximate cause.*

On conflicting evidence, the jury could determine the following facts:

The lock nut did not have holding power because the threads were cross threaded. The jarring and vibration of the truck would loosen the nut and back it off. The inside nut would not hold (after being broken and welded) because there is no tightness to it at all; it would come off very easily.

The wheels are a support unit for the trailer load. With the nuts off, the wheel and axle would drift out, and the trailer would drop. How far the trailer would drop would depend on the load and the type of suspension under the load. Normally, the trailer would come down on the tires.

The wheel would lock if the trailer came down on the tires. A locked wheel would be capable of throwing the tractor out of control. Contact between the trailer and tires would rip or rupture the tires. Physical evidence conforms to this explanation.

■■ The proximate cause of an injury is that which in a natural and continuous se-

quence produces the injury and without which the injury would not have occurred. N.M. UJI 12.10; Chavira v. Carnahan, supra. Proximate cause is an ultimate fact —usually an inference to be drawn from the facts proved. Chavira v. Carnahan, supra.

█ On the basis of the above facts, the jury could infer that the negligence of defendants in connection with the nuts was the proximate cause of the accident and resultant damage.

The trial court did not err in denying the motion for judgment notwithstanding the verdict.

*Unavoidable accident.*

█ The trial court refused to give defendants' requested instruction on unavoidable accident. The parties raise five questions concerning this action of the trial court, as follows:

(1) Should the concept of unavoidable accident be abandoned? Plaintiff asserts that the concept should be abandoned because it is confusing and unduly favors the defense. Further, he asserts that the concept is unnecessary since plaintiff has the burden of proving negligence and an unavoidable accident is one without negligence.

Plaintiff relies on Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1 (1958). The New Mexico Supreme Court has expressly refused to follow the reasoning of the Butigan case and has declined to abandon the concept. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960); Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934 (1962). No reason has been advanced which would justify this court in refusing to follow the New Mexico Supreme Court decisions.

(2) Is there a basis for giving an instruction on unavoidable accident?

█ A party is entitled to an instruction on the theory of his case where there is evidence in support of that theory. Lucero v. Torres, supra. Provided there is such evidence, an unavoidable accident instruction is appropriate. Lucero v. Torres, supra; Gould v. Brown Construction Co., 75 N.M. 113, 401 P.2d 100 (1965). The question is whether there is evidence which supports an instruction on unavoidable accident.

█ "The proper test is whether there is any evidence from which the jury could possibly conclude that the accident occurred without the negligence of anyone being the proximate cause." Grubb v. Wolfe, 75 N.M. 601, 408 P.2d 756 (1965); Stehwein v. Olcott, 78 N.M. 95, 428 P.2d 634 (1967).

█ There is testimony of a sudden mechanical failure (that the radius rod pin on the right side of the tractor broke) and that the consequences of this failure caused the accident. From this evidence the jury could possibly conclude that the accident occurred without the negligence of anyone being the proximate cause. See Pack v. Read, 77 N.M. 76, 419 P.2d 453 (1966); Annot., 65 A.L.R.2d 12, 102 (1959). There is evidence providing the basis for an instruction on unavoidable accident.

█ (3) Is the issue of unavoidable accident covered by the instructions given? If the instructions, considered as a whole, fairly present the issues and the law applicable thereto, they are sufficient. Denial of a requested instruction is not error where the instructions given adequately cover the issue. Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967).

Plaintiff contends that the instructions given covered the issue of unavoidable accident. He relies on three instructions. Instruction 10 outlines plaintiff's burden of proof. Instruction 19 informed the jury that the fact that an accident happened did not support an inference that any party to the action was negligent. Instruction 4 outlined the issues raised by the defense. Concerning unavoidable accident, Instruction 4 states:

" * * * [T]hat the accident and resulting damages * * * were the result of an unavoidable accident caused by a

mechanical failure which could not have been foreseen by anyone."

■ These instructions do not define unavoidable accident and do not inform the jury of the effect of a determination that the accident was unavoidable. Martin v. Gomez, 69 N.M. 1, 363 P.2d 365 (1961). The instructions relied on by plaintiff do not adequately cover the issue of unavoidable accident.

· (4) Is the tendered instruction a correct instruction on the issue of unavoidable accident? The instruction is N.M. UJI 13.9. It reads:

> " 'Unavoidable accident' is defined as an accident which occurs without having been proximately caused by negligence. If after full consideration of all of the evidence you find that the accident in question was an unavoidable accident then the defendant is not liable."

To preserve error in case of a failure to instruct, our rule provides that a correct instruction must be tendered. Section 21–1–1(51) (g), N.M.S.A. 1953, now § 21–1–1(51) (1) (i), N.M.S.A. 1953 (Supp. 1967).

Plaintiff contends that N.M. UJI 13.9 is not a correct instruction because it is ambiguous, misleading and unintelligible. He advances two reasons for this claim:

(a) That the instruction does not refer to the basis for the instruction—the alleged mechanical failure. In effect this is a complaint of the absence of hypothesized facts. This is discussed hereinafter in the opinion.

(b) That the instruction defines unavoidable accident in terms of the absence of negligence. The term has been consistently so defined in the decisions of the New Mexico Supreme Court. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940); Lucero v. Torres, supra; Williams v. Burke, 68 N.M. 35, 357 P.2d 1087 (1960). The test for giving the instruction is whether there is evidence from which the jury could possibly conclude that the accident occurred without the negligence of anyone being the proxi-

mate cause. Grubb v. Wolfe, supra; Stehwein v. Olcott, supra.

■ Negligence was defined in the instructions. The tendered instruction was not ambiguous, misleading and unintelligible because it defined unavoidable accident in terms of the absence of negligence.

Plaintiff also contends that N.M. UJI 13.9 is insufficient because unavoidable accident is not defined as: "One which could not have been prevented by either party using means suggested by common reason."

Stambaugh v. Hayes, supra, states:

> " * * * [I]f the accident complained of could have been prevented by either party by means suggested by common prudence, it is not unavoidable. * * * "

The omitted language contended for by plaintiff is another way of defining unavoidable accident. Plaintiff's claim then is that the instruction is insufficient because there is only one definition of unavoidable accident.

■ The purpose of instructing the jury is to make plain and clear the issues the jury is to determine. Embrey v. Galentin, 76 N.M. 719, 418 P.2d 62 (1966). The tendered instruction meets this test. Definitions of unavoidable accident in excess of one are surplusage. See Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671 (1952). It is not error to give an instruction containing only one definition of unavoidable accident. Williams v. Burke, supra. The tendered instruction is not insufficient because it omitted the words contended for by plaintiff.

(5) Was the tendered instruction properly refused because the definition of unavoidable accident was not applied to an assumed state of facts within the instruction?

Section 21–1–1(51) (1), N.M.S.A. 1953 (Supp.1967) states that it shall no longer be proper practice for instructions to hypothesize facts within the evidence; that "all rules of practice * * * which permit or

require the giving of such instructions are hereby revoked."

■ The rule is not applicable here; this case was filed prior to the effective date of the rule. We are concerned here with the requirement for instructions prior to the rule.

Plaintiff contends the law stated by the court must be applied to the facts in issue as shown by the evidence, that this application must be contained in the instructions and that the application must be contained in the instruction stating the legal principle involved.

■ The law stated by the court must be applicable to the facts in issue as shown by the evidence. O'Neal v. Geo. E. Breece Lumber Co., 38 N.M. 94, 28 P.2d 523 (1933); Martin v. La Motte, 55 N.M. 579, 237 P.2d 923 (1951); Gerrard v. Harvey & Newman Drilling Co., 59 N.M. 262, 282 P.2d 1105 (1955); Salazar v. County of Bernalillo, 69 N.M. 464, 368 P.2d 141 (1962).

We do not decide whether application of law to the facts in issue must be contained in the instructions. Assuming such a requirement, the requirement is met.

■ A fact in issue, as shown by the evidence, was whether the accident was caused by an unforeseen mechanical failure. Instruction 4 told the jury that the basis of the unavoidable accident claim was this alleged mechanical failure. Instruction 4 applied the law to the facts. The requested instruction defined the applicable law and stated that if the jury found the accident was unavoidable, defendants were not liable. The requested instruction, together with Instruction 4, applied the law to the facts. Nothing more was required. Grubb v. Wolfe, supra.

Still assuming that the law must be applied to the facts by the instructions, must the application be contained within one instruction? Stambaugh v. Hayes, supra, and Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962), indicate that the definition of unavoidable accident should be followed by its application on an assumed set of facts.

However, Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289 (1962), states:

"* * * We don't understand that each instruction must within its own limits contain all the elements and considerations entering into the case. This is the basis of our rule that the instructions must all be considered together. * * *"

■ See Sanchez v. J. Barron Rice, Inc., 77 N.M. 717, 427 P.2d 240 (1967); Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757 (1961). If the instructions considered as a whole fairly present the issues and the law applicable thereto, they are sufficient. Tapia v. Panhandle Steel Erectors Co., supra.

■ Considering Instruction 4 and the tendered instruction together they fairly presented the issue of unavoidable accident. The definition of unavoidable accident was not required to be applied to the facts within one instruction.

■ Without the tendered instruction, the jury was not fully nor fairly instructed as to defendants' theory of unavoidable accident. The instruction, being a correct statement of the law and being applied to the facts by other instructions, should have been given. Its refusal was error. See Clay v. Texas-Arizona Motor Freight, 49 N.M. 157, 159 P.2d 317 (1945); Burnham v. Yellow Checker Cab, Inc., 74 N.M. 125, 391 P.2d 413 (1964).

The motion for new trial was based on the refusal of the requested instruction on unavoidable accident. The motion should have been granted.

The judgment entered on the verdict is reversed. The cause is remanded with instructions to set aside the verdict and judgment and award defendants a new trial.

It is so ordered.

SPIESS, C. J., concurs.

ARMIJO, J., concurs in part, dissents in part.

ARMIJO, Judge (concurring in part and dissenting in part).

I concur in part and dissent in part with the majority in this case.

I concur with the conclusion that the trial court properly declined to grant a judgment notwithstanding the jury verdict.

I agree with the reasoning announced in the opinion concerning the instruction on unavoidable accident but I take a different view of the ultimate result for the reason that Instruction 4, in so far as applicable to unavoidable accident, which reads " * * * that the accident and resulting damages complained of were the result of an unavoidable accident caused by a mechanical failure which could not have been foreseen by anyone," does not apply the law to the facts in issue by way of defense and as shown by the evidence.

The evidence was sufficient to support a conclusion based on either of two mechanical failures.

Appellant failed to preserve the alleged error since under the rule then in effect Rule 21–1–1 (51) (g), a correct instruction was not tendered. Although the instruction as tendered was sufficient for definition purposes, it was deficient in that it did not summarize the fact developed by the evidence to sustain the defense; it was not:

" ' * * * followed by its application on assumed state of facts supported by substantial evidence from which, if believed, the jury would have been authorized to find that the * * * [collision] was caused by an unavoidable accident. * * *' Stambaugh v. Hayes, 44 N.M. 443, 447, 103 P.2d 640, 643."

Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962). Bailey v. Woodrum Truck Lines, 36 S.W.2d 1090 (Tex.Civ.App.1931), aff'd Woodrum Truck Lines v. Bailey, 57 S.W.2d 92 (Tex.Com.App.1933).

Although I am in agreement that an instruction on unavoidable accident should have been given, the failure to so instruct was not error under the foregoing circumstances, and the judgment should have been affirmed.