472 P.2d 995

Robert J. BOYD, Plaintiff-Appellant,

v.

Charles D. CLEVELAND, Defendant-Appellee.

No. 468.

Court of Appeals of New Mexico.

June 19, 1970.

Rehearing Denied July 13, 1970.

Certiorari Denied Aug. 4, 1970.

M. Rosenberg, of Rosenberg & Blenden, Carlsbad, for plaintiff-appellant.

Stuart D. Shanor, of Hinkle, Bondurant & Christy, Roswell, for defendant-appellee.

OPINION

HENDLEY, Judge.

Plaintiff appeals a jury verdict for defendant in a personal injury action arising from a collision in which plaintiff's automobile was struck from the rear by defendant's pick-up truck. We affirm.

Point I. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUBMITTING TO THE JURY THE INSTRUCTION PERTAINING TO UNAVOIDABLE ACCIDENT AS INAPPLICABLE ON THE FACTS OF THIS CASE."

Before an instruction on unavoidable accident may be given there must be

evidence from which a jury could conclude that the accident happened without the negligence of any party being the proximate cause. Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct. App.1968). In this case, defendant, the only eyewitness to the accident, testified that as soon as he observed the car in front of him slowing down he applied his brakes, but that his brakes locked. He released and reapplied his brakes and they locked once again. Never before had the brakes on this pick-up locked.

■ Plaintiff contends that this locking was natural and foreseeable since the street was wet. However, defendant testified that he had stopped several times just prior to the collision, under similar conditions, and the brakes had not locked. Such evidence raised an issue whether there was an unforeseen mechanical failure and with that evidence an instruction on unavoidable accident is proper. Roybal v. Lewis, 79 N.M. 227, 441 P.2d 756 (1968). Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962); Flanary v. Transport Trucking Stop, supra.

Point II. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUBMITTING TO THE JURY THE INSTRUCTION ON UNAVOIDABLE ACCIDENT AS ERRONEOUS UNDER ALL CIRCUMSTANCES."

Plaintiff's counsel has thoroughly briefed a number of reasons urging this court to abolish the theory which permits the use of an instruction on unavoidable accident. Among other reasons, he maintains that this doctrine is an anachronism in the law today, being:

" * * * 'an obsolete remnant' from a time when damages to person or property directly caused by voluntary act of the defendant could be recovered in an action of trespass and when strict liability would be imposed unless the defendant proved that the injury was caused through 'inevitable accident' * * *."

Plaintiff's counsel reviewed the history of the doctrine in this jurisdiction from Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940), through Roybal v. Lewis, supra, pointing out that this instruction has been recognized as one tending to confuse the issues. He also has indicated what he considers a trend away from this doctrine in other jurisdictions. See, e. g., City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 (1965); Arnold v. Frigid Food Express Co., 9 Ariz.App. 472, 453 P.2d 983 (1969); Cannor v. Cooper, 245 Ark. 386, 432 S.W.2d 761 (1968); Lewis v. Buckskin Joe's Inc., 156 Colo. 46, 396 P.2d 933 (1964); Sadorus v. Wood, 230 A.2d 478 (D.C.Ct.App.1967); Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874 (1964); Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217 (1964).

Finally, on oral argument counsel contended that this instruction is in conflict with some of the expressed purposes of the Committee on Uniform Jury Instruction; namely, to eliminate unfair and repetitious instructions. He maintains, that since this instruction is merely a repetition that a defendant must be found negligent before damages may be assessed against him, such an instruction tends to inject a false issue into the case which might easily confuse the jury and in fact they might be led to believe that more than negligence of the defendant must be found. Because of this tendency to confuse, counsel maintains that this instruction was permitted to remain in the New Mexico Uniform Jury Instructions only by an oversight of the Committee.

Whether or not this is so we do not speculate. In Flanary v. Transport Trucking Stop, supra, this court was faced with similar contentions and responded thus:

"(1) Should the concept of unavoidable accident be abandoned? Plaintiff asserts that the concept should be abandoned because it is confusing and unduly favors the defense. Further, he asserts that the concept is unnecessary since plaintiff has the burden of proving negligence and an unavoidable accident is one without negligence.

734

"Plaintiff relies on Butigen v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1 (1958). The New Mexico Supreme Court has expressly refused to follow the reasoning of the Butigan case and has declined to abandon the concept. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960); Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934 (1962). * * *"

■ Subsequently, the Supreme Court in Roybal v. Lewis, supra, had occasion to review the theory of unavoidable accident. It made reference to Flanery v. Transport Trucking Stop, supra, and let the theory stand. In light of this history, we do not think it is for us to reconsider the question. Compare Thomas v. Frost, 79 N.M. 125, 440 P.2d 800 (Ct.App.1968).

Point III. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUBMITTING TO THE JURY THE INSTRUCTION ON SUDDEN PERIL AS INAPPLICABLE UNDER THESE CIRCUMSTANCES."

Plaintiff contends that there was error (1) because of policy and (2) because of the circumstances of the case. As a policy, he maintains that his instruction is even more bias in favor of the defendant than the unavoidable accident instruction. Our answer to this is the same as stated in the second point.

■ As to the factual contention, we note that from the testimony of plaintiff we could not reasonably conclude as a matter of law that there was no sudden emergency. The evidence was that defendant was travelling at a rate within the speed limit and consistent with the flow of traffic that afternoon. The same evidence was discussed under Point I.

■■ The evidence supports a finding of unavoidable accident. A party is entitled to an instruction on his theory of the case upon which there is evidence. Ward v. Ray, 78 N.M. 566, 434 P.2d 388 (1967).

Affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.