441 P.2d 756

Jose M. ROYBAL and Theresa Roybal,
Plaintiffs-Appellants,

v.

Rex Elmer LEWIS and Bowman Biscuit
Company, Defendants-Appellees.

No. 8504.

Supreme Court of New Mexico.

April 22, 1968.

Rehearing Denied June 17, 1968.

Arturo G. Ortega, William E. Snead,
James E. Womack, A. H. McRae, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb,
Mark K. Adams, Albuquerque, for appellees.

## OPINION

NOBLE, Justice.

Plaintiffs sued to recover damages growing out of an automobile accident. A jury

found the issues in favor of the defendants. Plaintiffs have appealed from the judgment following the jury verdict.

■ Plaintiffs attack certain of the instructions given and the court's refusal to give others requested. They first complain of the giving of an instruction on unavoidable accident arguing that reasonable minds could not differ that this accident was caused by the negligence of someone and, accordingly, an unavoidable-accident instruction should not have been given. We cannot agree. In Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362, we said: "The test is whether there is evidence from which the jury could conclude that the accident occurred without the negligence of anyone being the proximate cause." See also Lucero v. Torres 67 N.M. 10, 350 P.2d 1028.

Failure of the truck's brakes and approaching too closely to plaintiffs' car before applying the brakes are asserted as negligence proximately causing the accident. The evidence that a brake line failed, resulting in loss of brake fluid and causing the brakes to fail, appears to be uncontradicted. We said in Ferran v. Jacquez, 68 N.M. 367, 362 P.2d 519, that § 64–20–41, N.M.S.A.1953, sets the minimum standards required for brakes and that an owner of a vehicle is guilty of negligence in permitting a vehicle on the highway with brakes which do not meet the standard set by statute, unless such failure is excused. Defendants point to evidence, (1) that Bowman Biscuit Company required its trucks to be inspected by a competent mechanic each thirty days; (2) that this truck had been so inspected sixteen days before the accident and found to have no brake malfunction; and (3) that the driver had tested the brakes immediately prior to starting on the morning of the accident and found them to be functioning properly.

■ It seems to be agreed that plaintiffs were following a car on a Santa Fe street and that the Bowman Biscuit Company truck, being driven by defendant Lewis, followed the Roybal car at a distance of about forty to fifty feet. The vehicles were traveling at about twenty miles an hour. The front car suddenly stopped and Roybal brought his car almost to a stop. Lewis applied his brakes when he was approximately twenty feet behind the Roybal car. The testimony as to whether the truck could have been stopped prior to striking plaintiffs' car, under the circumstances, if the brakes had been in proper condition, is conflicting. The questions of whether defendants were excused for not maintaining the brakes in accordance with statutory minimum requirements and whether Lewis approached too closely before attempting to apply his brakes were for the jury to determine.

■ Our decisions in Bailey v. Jeffries-Eaves, Inc., 76 N.M. 278, 414 P.2d 503; Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945; Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370; Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757; Scofield v. J. W. Jones Constr. Co., 64 N.M. 319, 328 P.2d 389; Zamora v. J. Korber & Co., 59 N.M. 33, 278 P.2d 569; Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983 and Williams v. Haas, 52 N.M. 9, 189 P.2d 632, do not require a different result. They only hold that violation of speed statutes constitutes negligence per se when such violation is the proximate cause of an injury, or that a party is entitled to an instruction in proper circumstances regarding violations of statutes. The speed of the defendant's vehicle, since all three vehicles were traveling at approximately the same speed, is material only as it related to the duty of maintaining proper vigilance, or of following too closely under the circumstances. Those two were questions for the jury under proper instructions. The jury was correctly instructed on those issues by instructions 8 and 9. Hartford Fire Ins. Co. v. Horne, 65 N.M. 440, 338 P.2d 1067, and Langenegger v. McNally, 50 N.M. 96, 171 P.2d 316, only require instructions respecting applicable statutory violations by drivers of motor vehicles. We think the instructions in this case, read as a whole, properly instructed the jury in this respect. See Flanary v. Transport Trucking Stop,

78 N.M. 797, 438 P.2d 637, decided March 1, 1968. We think the record shows evidence from which the jury could conclude that this accident occurred without the negligence of anyone being the proximate cause, and, accordingly, the giving of an unavoidable-accident instruction was not error.

■ Relying upon Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640, plaintiffs argue that the unavoidable-accident instruction given is insufficient because it fails to advise the jury specifically how it should be applied to the facts. Stambaugh v. Hayes, supra; Martin v. Gomez, 69 N.M. 1, 363 P.2d 365, and Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799, indicate that the definition of unavoidable accident should be followed by its application on an assumed set of facts. However, it is well established that each instruction need not, within its own limits, contain all the elements. McFatridge v. Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918, 89 A.L.R.2d 1154; Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289. Instructions are to be considered as a whole and if, when so considered, they fairly present the issues and the law applicable thereto, they are sufficient. Sturgeon v. Clark, supra, and Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625.

■■ Instruction No. 8 covered the issue of following too closely; No. 9 charged the jury on the duty of the defendant-driver to keep a proper lookout. Instructions 10 and 11 presented the question of minimum standards for brakes and excuse for failure to detect and prevent brake failure; No. 12 defined unavoidable accident and charged the jury that if they found that this accident was unavoidable, as defined, they should find for the defendants. The challenged instruction correctly defined "unavoidable accident" and it was applied to the facts by other instructions. Considering the instructions as a whole, we think the jury was properly instructed on the issue of unavoidable accident. To require all of the facts to which it might be applicable to be restated in the single unavoidable-accident instruction might well lead to confusion. We find no error. See Flanary v. Transport Trucking Stop, supra.

■■ We find no error in instruction 10 given by the court concerning the minimum requirements for brakes, together with the charge that failure to comply with the statute constituted negligence as a matter of law, unless they further found that defendants neither knew nor had reason to know of a defective condition, and that the burden of establishing lack of such knowledge rested with the defendants. We find nothing in Ferran v. Jacquez, supra, requiring a different result. What we have said respecting instructions as a whole applies with equal force to this instruction. It is true that instruction 10 did not in itself include all of the matters within the evidence which could excuse or justify failure to maintain the minimum standard of brakes. However, instructions No. 12 and No. 10 together do properly instruct the jury on the issue. Where the instructions considered as a whole properly charge the jury, it is not error to deny requested instructions even though they too may be correct statements of applicable law. Additional instructions are unnecessary and should not be given on a subject adequately covered by other instructions. Hole v. Womack, 75 N.M. 522, 407 P.2d 362; Scott v. Brown, 76 N.M. 501, 416 P.2d 516.

We find no prejudicial error in the giving of instruction No. 13, nor do we think the fact that instruction No. 11 stated defendants' contention respecting excuse for failure to maintain the brakes as required by statute constituted prejudice by being unduly emphatic of the contention. In our view, the portion of the instructions setting forth the contentions of the parties was an aid in clarifying the portion of the instructions respecting justification or excuse.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.