507 P.2d 778

Roy C. ALEXANDER, Petitioner,

v.

Yolanda DELGADO, a minor by Jesus Delgado, her father and next friend, and Jesus Delgado, Individually, Respondent.

No. 9616.

Supreme Court of New Mexico.

March 16, 1973.

---

Edward E. Triviz, Las Cruces, for petitioner.

Sosa & Neumeyer, Las Cruces, for respondent.

OPINION

STEPHENSON, Justice.

DefendantAppellee prevailed on trial of this negligence action. The Court of Appeals reversed and remanded for a new trial. Delgado v. Alexander, 84 N.M. 456, 504 P.2d 1089 (Ct.App.1972). We granted certiorari.

We will consider only the limb of the case which relates to the defense of unavoidable accident. We are concerned with the disposition made by the Court of Appeals of that defense and the manner in which it arrived at its decision in respect to it, although we do not differ with the ultimate result it reached.

This court, and the Court of Appeals as well, have long recognized unavoidable accident as a defense. Comment: Torts—Unavoidable Accident—Automobiles, 6 Natural Resources J. 484 (1966). The author of that article points out that the defense of unavoidable accident apparently antedates the concept of negligence and, being gifted with a turn of phrase, characterizes it as being a "synonym for confusion", "useless" and a "historical ghost". However this may be, it is firmly embedded in our jurisprudence. See Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940) and cases cited therein.

The defense was said to be affirmative in nature in Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962) although an earlier case had held it to be provable under a general denial. Seele v. Purcell, 45 N.M. 176, 113 P.2d 320 (1941).

A uniform jury instruction defining unavoidable accident and the circumstances under which it constitutes a defense has been prepared and promulgated. Uniform Jury Instruction 13.9 (UJI 13.9) was approved by this court's order on May 5, 1966, and has since been in general use.

It has been squarely urged upon this court that unavoidable accident should be abandoned or abolished as a defense. We declined. Gallegos v. McKee, 69 N.M. 443,

367 P.2d 934 (1962); Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960). The same has occurred in the Court of Appeals with the same result. Boyd v. Cleveland, 81 N.M. 732, 472 P.2d 995 (Ct.App.1970); Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968).

The opinion of the Court of Appeals in this case simply abolishes unavoidable accident as a defense and directs that UJI 13.9 shall no longer be given. We turn to a consideration of the propriety of that action in light of the history of the defense which we have recounted.

■■■This court has a superintending control over all inferior courts as well as jurisdiction and power to issue writs of certiorari. New Mexico Constitution Art. VI, § 3. This constitutional power and jurisdiction carries with it the power to regulate pleading, practice and procedure in inferior courts and the circumstances under which such writs, including writs of certiorari, may issue. State v. Roy, 40 N.M. 397, 60 P.2d 646 (1936). A statute presently deals with the granting of certiorari. This court has no quarrel with the statutory arrangements which seem reasonable and workable and has not seen fit to change it by rule. The statute is 16-7-14, N.M.S.A.1953 which provides in pertinent part:

"B. In addition to its original appellate jurisdiction, the Supreme Court has jurisdiction to review by writ of certiorari to the court of appeals any [civil or criminal] matter in which the decision of the court of appeals:

(1) is in conflict with a decision of the Supreme Court;

(2) is in conflict with a decision of the court of appeals;

(3) involves a significant question of law under the Constitution of New Mexico or the United States; or

(4) involves an issue of substantial public interest that should be determined by the Supreme Court."

[2] Implicit in the statute is the concept that the Court of Appeals is to be governed by the precedents of this court. By its action here, the court has overruled a number of our cases (sixteen were mentioned in the cited comment in Natural Resources Journal) as well as abolished UJI 13.9 which we had approved. Quite apart from the quoted statute, it is not considered good form for a lower court to reverse a superior one. Such actions are unsettling in the law which we ought to strive to make certain, and result in a disorderly judicial process. It is stated in 20 Am.Jur.2d Courts § 201 (1965):

"The general rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect."

The Court of Appeals has heretofore clearly felt itself bound by these precepts. It perceptively deemed itself obligated to follow our precedents even in a situation where a United States Supreme Court decision seemed contra. Salazar v. State, 82 N.M. 630, 485 P.2d 741 (1971). More to the point, it has regarded itself as bound by our decisions on the specific issue of whether the defense of unavoidable accident should be abolished. In Flanary the Court of Appeals said:

"* * * Should the concept of unavoidable accident be abandoned? Plaintiff asserts that the concept should be abandoned because it is confusing and unduly favors the defense. Further, he asserts that the concept is unnecessary since plaintiff has the burden of proving negligence and an unavoidable accident is one without negligence.

"Plaintiff relies on Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1 (1958). The New Mexico Supreme Court has expressly refused to follow the reasoning of the Butigan case and has declined to abandon the concept. Lucero v. Torres, 67 N.M. 10, 350 P.2d

1028 (1960); Gallegos v. McKee, 69 N. M. 443, 367 P.2d 934 (1962). No reason has been advanced which would justify this court in refusing to follow the New Mexico Supreme Court decisions."

In Boyd, supra, appellant's counsel "thoroughly briefed a number of reasons urging" the Court of Appeals "to abolish the theory which permits the use of an instruction on unavoidable accident." The court said:

"Subsequently, the Supreme Court in Roybal v. Lewis, supra, (79 N.M. 227, 441 P.2d 756), had occasion to review the theory of unavoidable accident. It made reference to Flanery (sic) v. Transport Trucking Stop, supra, and let the theory stand. In light of this history, we do not think it is for us to reconsider the question. Compare Thomas v. Frost, 79 N.M. 125, 440 P.2d 800 (Ct.App.1968)."

The reasoning of the Court of Appeals in Flanary and Boyd in respect to abolishing unavoidable accident and its disposition of those cases were above reproach. The only new feature since those opinions and the basis for the Court of Appeals' disposition of this case, so far as we are here concerned, is our decision in Williamson v. Smith, 83 N.M. 336, 491 P.2d 1147 (1971).

Williamson did not consider unavoidable accident. Only assumption of risk was dealt with. It is true that in that case we said that pleading contributory negligence and assumption of risk amounted to pleading the same defense twice, and such duplication was stated as a reason for abolishing assumption of risk as a defense. But the duplication feature was only one of several considerations which lead us to our decision. We did not mean to simply say that nothing could be stated twice in a lawsuit. Such a holding would cause a hush to fall over our courtrooms.

Nothing in Williamson justified the Court of Appeals' action abolishing the defense of unavoidable accident, which in its essence amounts to nothing more nor less than overruling precedents of this court which not only recognize the defense, but

specifically decline to abolish it, and nullifying an instruction which we have approved.

Even though we have disapproved of the manner in which the Court of Appeals proceeded, we will nevertheless consider whether unavoidable accident and UJI 13.9 should be abolished. The quotation from 20 Am.Jur.2d Courts, supra, continues:

"But, as a matter of fact, sometimes the decision of a lower court, not abiding by the rule established in a prior decision of the court of last resort, is, on appeal, vindicated by the court of last resort, in that it affirms the decision of the lower court and thus itself overrules its prior decision."

■ This is what will occur here, because we believe that the defense of unavoidable accident should be abolished, but it is for this court to do so.

A number of cases from other states have arrived at the same result. Typical of them is Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R. 2d 1 (1958) cited and discussed in several New Mexico cases including Lucero and Flanary, supra.

Summarizing and paraphrasing Butigan in the interest of brevity it is there stated that the defense in question is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause. Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

It is merely another way of saying that the defendant is not negligent. The defendant is not entitled to have this defense over-emphasized. The instruction is not only unnecessary but is confusing. The instruction on unavoidable accident may mislead the jury as to the proper manner of determining liability, which is to be based on the concepts of negligence and proximate cause. Rules concerning those ele-

ments are sufficiently complicated without engrafting upon them the unnecessary concept of unavoidability.

Accord, Lewis v. Buckskin Joe's Inc., 156 Colo. 46, 396 P.2d 933 (1964); Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874 (1964); Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217 (1964).

By nothing we have said in this opinion do we intend to dispose of any defense in negligence cases other than unavoidable accident.

The opinion of the Court of Appeals is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, MONTOYA, and MARTINEZ, JJ., concur.