# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARGARET TAFOYA, AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF LEOPOLDO TAFOYA, DECEASED,**

Plaintiff-Appellant,

v. NO. 29,165

**THI OF NEW MEXICO AT VIDA ENCANTADA, LLC, THI OF NEW MEXICO, LLC, THI OF BALTIMORE, INC., THI OF BALTIMORE MANAGEMENT, LLC, TRANS HEALTH MANAGEMENT, INC., FUNDAMENTAL LONG TERM CARE HOLDINGS, LLC, WILLIAM CHALTRY, ADMINISTRATOR, AND DOES 1 THROUGH 10,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Donald C. Schutte, District Judge**

Harvey Law Firm
Dusti D. Harvey
Jennifer J. Foote
Feliz A. Rael
Albuquerque, NM

for Appellant

Keleher & Mcleod, P.A.
Thomas C. Bird
Mary Behm
Albuquerque, NM

Johnson, Spalding, Doyle, West & Trent, LLP

Lori D. Proctor

Houston, Tx

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff is appealing from a district court order compelling arbitration. We issued a calendar notice proposing to reverse. Defendants have filed a memorandum in opposition. We reverse.

In the district court order compelling arbitration, it states that "an agreement to arbitrate exists" and "[t]he arbitrator shall decide whether the agreement to arbitrate is enforceable." [RP 1231] Notwithstanding the arguments made in the memorandum in opposition, we conclude that New Mexico law dictates that the court, not the arbitrator, shall determine whether an arbitration clause is valid. *See Salazar v. Citadel Communcations Corp.*, 2004-NMSC-013, ¶ 8, 135 N.M. 447, 90 P.3d 466 (stating "a prerequisite to compelling arbitration is the existence of a valid agreement to arbitrate"); *see also Heye v. Am. Golf Corp.*, 2003-NMCA-138, ¶ 8, 134 N.M. 558, 80 P.3d 495. In determining whether a valid arbitration agreement exists, courts apply general state contract law. *See Salazar*, 2004-NMSC-013, ¶ 8. Defenses to an arbitration agreement include fraud, duress, or unconscionability. *See Fiser v. Dell Computer Corp.*, 2008-NMSC-046, ¶ 23, 144 N.M. 464, 188 P.3d 1215.

Here, Plaintiff argued that there was never any formal acceptance of the admission agreement that contained the arbitration clause because Decedent had withheld the signature page of the contract. [RP 1091, 1227] We believe that the district court did in fact address this issue because it found that an agreement exists. [RP 1231] In other words, by concluding that an agreement exists, the court necessarily rejected Plaintiff's argument that Decedent did not enter into the contract. However, pursuant to the discussions set forth in *Fiser*, *Salazar*, and *Heye*, as referred to above, we believe that the district court erred in refusing to consider Plaintiff's additional defenses [RP 1090] as to the validity of the arbitration agreement. Subsequent to the issuance of our calendar notice, the Supreme Court reiterated the district court's role in deciding unconscionability and the existence of a valid arbitration agreement, notwithstanding arbitration legislation suggesting otherwise. *See Cordova v. World Finance Corp. of New Mexico*, No. 30,536, slip op., ¶¶ 35-37 (N.M. Sup. Ct. Apr. 29, 2009). To the extent that Defendants believe that the arguments made in the memorandum in opposition are persuasive, they need to be directed to the Supreme Court. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that Supreme Court precedent controls).

In summary, to the extent that these arguments were directed to the arbitration agreement, and not other provisions of the contract, we believe that the district court

should have addressed them.  *Cf. Murken v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-080, ¶¶ 29-31, 140 N.M. 68, 139 P.3d 864 (affirming order compelling arbitration where fraud claim was directed to whole contract and there was no specific challenge to the validity of the arbitration agreement).  We also note that the district court is free to address Defendants' claim that Plaintiff may have waived some of her arguments. [MIO 6]

For the reasons set forth above, we reverse.

**IT IS SO ORDERED.**

---

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

---

**CELIA FOY CASTILLO, Judge**

---

**TIMOTHY L. GARCIA, Judge**