This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                    **NO. 29,898**

**SAUL S. ZAVALA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe , NM

for Appellant

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

The State appeals from a district court order granting Defendant's motion to

suppress. On appeal, the State argues that (1) there was no seizure of Defendant when the officer made first contact because the officer was acting in his capacity as a community caretaker; (2) Defendant's vehicle lacking a license plate lamp was sufficient to indicate that Defendant had committed a violation of the Traffic Code, even though there was no license and a temporary tag was properly located in the window; and (3) even if Defendant was not technically in violation of the statute, the facts were sufficient to create at least a reasonable suspicion of a violation, thus permitting an investigative detention. For the reasons set forth below, we conclude that the officer's request for identification and insurance was permissible under controlling New Mexico case law irrespective of whether the suspicion of the statutory violation may have dissipated.

**DISCUSSION**

A ruling on a motion to suppress involves mixed questions of fact and law. *See State v. Vandenberg*, 2003-NMSC-030, ¶ 17, 134 N.M. 566, 81 P.3d 19. We review factual questions under a substantial evidence standard, viewing the facts in the light most favorable to the prevailing party. *See id.* ¶ 18. We review legal questions, including the constitutional reasonableness of officers' actions, de novo. *See id.* ¶ 19.

"[R]easonable suspicion is measured by an objective standard, in which the court examines the totality of the surrounding circumstances, to determine whether the

officer acted reasonably in expanding the scope of inquiry." *State v. Neal*, 2007-NMSC-043, ¶ 21, 142 N.M. 176, 164 P.3d 57 (internal quotation marks and citation omitted). "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Id.* (emphasis, internal quotation marks, and citation omitted). "In the absence of specific and particularized incriminating information about the criminal activity that defendant is or is about to engage in, generalized suspicions [are] insufficient to create reasonable suspicion for an investigatory detention." *Id.* ¶ 25 (internal quotation marks and citation omitted).

At the suppression hearing, Deputy Manuel Carrera testified about the nature of his encounter with Defendant. At approximately 12:44 a.m., Defendant was driving toward the officer, when the officer noticed Defendant's vehicle lacked a functioning tag lamp on the rear of the vehicle. The officer then made a U-turn to pursue Defendant, but by the time he had completed the U-turn, Defendant had already pulled over. The officer pulled in behind Defendant and activated his emergency lights. Officer Carrera testified that the reason he pulled behind Defendant was because of the tag lamp violation. He also stated that he was concerned that Defendant might be in need of some assistance.

After the officer exited his vehicle, he observed Defendant had a valid

3

temporary tag in the back window. Instead of terminating the encounter at that point, the officer approached Defendant (who was sitting in the driver's seat), and requested Defendant produce his driver's license, insurance, and registration. The officer explained that it was routine to ask for these documents when he made contact with individuals. While the officer was asking for the requested documents the officer detected an odor of alcohol. The record indicates that Defendant had a flushed face, slurred speech, bloodshot and watery eyes, and admitted to drinking six beers. The officer commenced a driving-while-intoxicated (DWI) investigation, resulting in an indictment for aggravated DWI. Defendant filed a motion to suppress, arguing that the officer should have terminated the encounter at the point when he saw the temporary tag. The district court granted the motion, and the State appealed.

The State's first argument is that the inoperative tag lamp constituted grounds to detain Defendant irrespective of the presence of the temporary tag. The State relies on the absence of any language in the applicable statute, NMSA 1978, Section 66-3-805(C) (1978), permitting an exception to the lamp requirement:

> Either a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear. Any tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlamps or auxiliary driving lamps are lighted.

Defendant argues that no purpose is served in requiring illumination of a license

plate that is not there. Defendant refers to the above-quoted language in Section 66-3-805(C) stating this limited purpose behind the statute: that the "lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible." NMSA 1978, Section 66-3-18(A) and (B) (2007), states that the "registration plate shall be attached to the rear of the vehicle for which it is issued" but also explains that "demonstration or temporary registration permit[s] shall be firmly affixed to the inside left rear window of the vehicle to which it is issued[.]" By permitting a temporary tag as an alternative to a registration plate, Defendant argues that it follows that the Legislature would make the illumination requirement inapplicable when a temporary tag is used.

It is not necessary to resolve the statutory interpretation dispute, or to address other grounds raised by the State. We reach this conclusion because we do not believe that it is necessary to rely on Section 66-3-805 to provide a basis for continuing the encounter even after the officer saw the temporary tag. Although the State makes this general argument, the parties have overlooked *City of Albuquerque v. Haywood*, 1998-NMCA-029, 124 N.M. 661, 954 P.2d 93, a case with similar facts to this case. In *Haywood*, the officer testified that he stopped the vehicle because there was no license plate on the rear bumper, and the officer was unable to see if there was a temporary tag. *Id.* ¶ 3. As the officer approached the vehicle, he was able to see that

the vehicle did, in fact, have a temporary tag. *Id.* The officer nevertheless made contact with the driver and requested his license and registration. *Id.* ¶ 5. Addressing the validity of the officer's actions, this Court concluded that this de minimis detention was reasonable and therefore constitutional under both the state and federal constitutions. *Id.* ¶ 13. In doing so, this Court relied on *State v. Reynolds*, 119 N.M. 383, 388, 890 P.2d 1315, 1320 (1995), which held that "whenever a driver is validly stopped for whatever reason, it is reasonable for the officer to ask for identification (driver's license) and proof of insurance." *Haywood*, 1998-NMCA-029, ¶ 13. In *Reynolds*, the officer stopped a vehicle because three men were riding on the tailgate, and the officer was concerned for safety. 119 N.M. at 384, 890 P.2d at 1316. This Court had concluded that it was unreasonable for the officer to ask for identification documents because the safety concerns had effectively dissipated once the officer made the stop and the inquiry concerning documentation was unrelated to the purpose of the stop. *Id.* at 385, 890 P.2d at 1317. In reversing this Court, our Supreme Court stated:

> The initial stop in this case was lawful, the government has a legitimate interest in making sure that all drivers are licensed and driving vehicles that are registered and insured, and the intrusion of requesting a driver's license and proof of registration and insurance was minimal; therefore, the continuing detention after the valid initial stop was reasonable.

*Id.* at 388, 890 P.2d at 1320. Although *Haywood* ultimately held that the driver had

been impermissibly detained beyond the point of the request for documents, its holding material to the present case, and the controlling precedent of *Reynolds*, leads us to the conclusion that the district court erred in concluding that Defendant's Fourth Amendment rights had been violated.

In his answer brief, Defendant refers us to federal authority that supports the view that Officer Carrera violated Defendant's Fourth Amendment rights under these circumstances. However, this Court lacks the authority to overrule our Supreme Court's determination that a de minimis detention for documentation is permissible if a vehicle has been validly stopped, notwithstanding the fact that the purpose of the stop was no longer the basis of this request. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (observing that Supreme Court precedent is controlling).

**CONCLUSION**

For the reasons set forth above, we reverse the district court's order granting Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**LINDA M. VANZI, Judge**