This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                  **NO. 29,338**

**JOSE GARCIA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Appellate Defender
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Andrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his conviction and sentence for voluntary manslaughter, third degree shooting at or from a motor vehicle, tampering with evidence, and conspiracy to commit tampering with evidence. Specifically, he claims that his conviction and sentence for both voluntary manslaughter and third degree shooting at or from a motor vehicle violate his right to be free from double jeopardy. We affirm.

**BACKGROUND**

Defendant and a friend were involved in a prolonged altercation with the victim and other persons. At some point, Defendant's friend was driving a vehicle, and Defendant was in the front passenger seat. At a stoplight at an intersection, Defendant looked over and saw the victim in the passenger seat of another vehicle, a Mustang. Defendant claimed that the victim was yelling insults and making fidgety movements and then leaned over. Believing the victim might be reaching for a gun, Defendant grabbed his friend's gun and shot through the driver's side window towards the Mustang. Defendant shot the victim, who later died of his injuries.

A jury convicted Defendant of the lesser included offense of voluntary manslaughter while acquitting him of first and second degree murder. Defendant was

also convicted of shooting at or from a motor vehicle resulting in injury to another person, tampering with evidence, and conspiracy to tamper with evidence.

At sentencing, Defendant argued that his convictions for voluntary manslaughter and shooting at or from a motor vehicle should merge. The district court disagreed and sentenced Defendant to six years on the voluntary manslaughter count, six years on the shooting at or from a motor vehicle resulting in injury to another person count, and eighteen months on the tampering with evidence and conspiracy to tamper with evidence counts. This appeal followed.

**DISCUSSION**

**Defendant's Convictions do not Violate his Right to be Free From Double Jeopardy**

Defendant claims his convictions for voluntary manslaughter and shooting at or from a motor vehicle resulting in injury to another person, both third degree felonies, violate his right to be free from double jeopardy. *See* NMSA 1978, § 30-2-3(A) (1994); NMSA 1978, § 30-3-8(B) (1993). We disagree.

"Among its protections, the double jeopardy clause protects a defendant against multiple punishments for the same offense." *State v. Gonzales*, 2007-NMSC-059, ¶ 11, 143 N.M. 25, 172 P.3d 162. Defendant's conviction and sentence for voluntary manslaughter and shooting at or from a motor vehicle arise from the single act of shooting and killing the victim and thus raise a "double description" double jeopardy

3

claim. *See id.* (recognizing that "cases where the defendant is charged with violation of multiple statutes for the same conduct" are "double-description" cases). *Id.* In addressing double-description claims, we employ the two-part test set forth by our Supreme Court in *Swafford v. State*, 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991). *See State v. Armendariz*, 2006-NMSC-036, ¶ 20, 140 N.M. 182, 141 P.3d 526. First, we determine whether the conduct underlying the offenses was unitary. *Id.* ¶ 21. In this case, it is undisputed that the conduct is unitary; Defendant was convicted of voluntary manslaughter for his act of shooting and killing the victim, and his conviction for third degree shooting at or from a motor vehicle is based on the same conduct.

As Defendant's conduct is unitary, "we proceed to the second part of the test, which requires us to examine the relevant statutes to determine whether the Legislature intended to create separately punishable offenses." *Id.* In this case, it is undisputed by the parties that the legislative intent was not clearly expressed for the purposes of the second part of the *Swafford* test. Absent a clear expression of legislative intent, we apply the test stated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See Armendariz*, 2006-NMSC-036, ¶ 21. "In applying the *Blockburger* test, this Court compares the elements of each crime with the elements of the other to determine whether the Legislature intended separate punishments under

4

each statute." *State v. Lee*, 2009-NMCA-075, ¶ 9, 146 N.M. 605, 213 P.3d 509. Once "we conclude that each statute requires proof of an element that the other does not, then a presumption arises that our legislature intended for the conduct to result in separately punishable offenses." *State v. Caldwell*, 2008-NMCA-049, ¶ 11, 143 N.M. 792, 182 P.3d 775. This presumption can be overcome by other indicia of legislative intent. *See id*. Finally, we apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *Id.* ¶ 5.

In *State v. Dominguez*, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563, our Supreme Court specifically held that third degree felony shooting at or from a motor vehicle and voluntary manslaughter have different elements and serve different social purposes, notwithstanding that there is one victim and the victim dies. *Id.* ¶¶ 12-16. The Court reasoned that, unlike voluntary manslaughter, shooting at or from a motor vehicle statute does not require proof of a death or include death as an alternative to great bodily harm. *Id.* ¶¶ 10-12 (recognizing that, while death may be one evidentiary means of proving great bodily harm under Section 30-3-8(B), "death is not a statutory element of the crime"). After further noting that the two statutes protect different and separate social interests and purposes, the Court concluded that the Legislature intended to create separately punishable offenses in enacting these two statutes and

held that convictions for voluntary manslaughter and shooting at or from a motor vehicle do not constitute double jeopardy violations. *Id.* ¶ 16.

Defendant acknowledges that *Dominguez* is directly on point, it defeats his claim of a double jeopardy violation, and this Court is bound to follow the holding of that case. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that the Court of Appeals is bound by Supreme Court precedent). However, he then argues that *Dominguez* was wrongly decided and invites us to reconsider that decision. Even if *Dominguez* is indeed "unworkable" and should be reconsidered, we are nonetheless bound by its holding. *See Alexander*, 84 N.M. at 718, 507 P.2d at 779; *State v. Swick*, 2010-NMCA-098, ¶ 21, 148 N.M. 895, 242 P.3d 462 (recognizing that the Court of Appeals is without authority to adopt a position espoused by dissenting justices and is bound to follow Supreme Court precedent), *cert. granted,* 2010-NMCERT-010, 149 N.M. 65, 243 P.3d 1147. Therefore, we decline to revisit it. *Cf. State v. Riley*, 2010-NMSC-005, ¶¶ 33-35, 147 N.M. 557, 226 P.3d 656 (declining the defendant's request that the Court reconsider its holding in *Dominguez*).

**Defendant's Sentence for Third Degree Felony Shooting at or From a Motor Vehicle was not Illegally Enhanced in Violation of Double Jeopardy Principles**

Defendant was sentenced to six years in prison on each third degree felony because the victim died as a result of Defendant's actions. *See* NMSA 1978, § 31-18-15(A)(7) (2007) (providing a six year sentence for a third degree felony resulting in

6

death). He contends that the district court violated his double jeopardy rights by enhancing his sentence for third degree shooting at or from a motor vehicle from three years to six years. He notes that shooting at or from a motor vehicle may be a second, third, or fourth degree felony depending on the resulting harm. *See* § 30-3-8(B). He then contends that, because his sentence for voluntary manslaughter punished him for causing the victim's death, it was a violation of his double jeopardy rights to "raise" his conviction for shooting from or at a motor vehicle from a basic fourth degree felony to a third degree felony resulting in death. We disagree.

First, to the extent Defendant is again raising a double jeopardy challenge based on the fact that he was punished twice for the same act of shooting and killing, we have already rejected that argument based upon our Supreme Court's holding in *Dominguez*. 2005-NMSC-001, ¶¶ 12-16 (holding that convictions for voluntary manslaughter and third degree shooting at or from a motor vehicle arising from unitary conduct do not violate principles of double jeopardy). Until our Supreme Court decides to revisit its decision in that case, it remains good law and we are bound by it. *See Alexander*, 84 N.M. at 718, 507 P.2d at 779; *Swick*, 2010-NMCA-098, ¶ 21.

We are also unpersuaded by Defendant's argument that his sentence was impermissibly "enhanced" in violation of double jeopardy principles. Defendant is correct that enhancement of a sentence violates double jeopardy principles if the

enhancement is based on the elements of the offense or a contemporaneous conviction. *See Swafford*, 112 N.M. at 16, 810 P.2d at 1236 (holding that a sentence may not be enhanced if the enhancement is based on the "elements of either the offense for which the defendant was sentenced or a separate, but contemporaneous, conviction"). However, contrary to his contention, Defendant's sentence for shooting at or from a motor vehicle was not impermissibly "enhanced" to a six-year sentence as that term is used in *Swafford* and its progeny.

Section 31-18-15(A) provides, in part, that "[i]f a person is convicted of a noncapital felony, the *basic sentence* of imprisonment is as follows:

. . . .

(4)     for a second degree felony resulting in the death of a human being, fifteen years imprisonment; . . .

(7)     for a third degree felony resulting in the death of a human being, six years imprisonment; . . .

(9)     for a third degree felony, three years imprisonment; . . ."

(emphasis added). The basic sentence may then be enhanced through application of other portions of the Criminal Sentencing Act, NMSA 1978, Sections 31-18-12 to -26 (1977) (as amended through 2009) (the CSA). For example, pursuant to Section 31-18-16(A) of the CSA, a defendant's basic sentence may be enhanced by one year if it is found that "a firearm was used in the commission of a noncapital felony."

In *Swafford*, our Supreme Court held that the defendant's convictions for criminal sexual penetration (CSP) and incest as a result of a single incident did not violate double jeopardy principles. 112 N.M. at 15, 810 P.2d at 1235. However, the Court then considered whether the defendant's double jeopardy rights were violated by the district court's decision to enhance the defendant's basic sentence for CSP pursuant to Section 31-18-15.1 of the CSA which provides the trial judge with "broad discretion to enhance or reduce a defendant's sentence based on a finding of aggravating or mitigating circumstances." *Swafford*, 112 N.M. at 16, 810 P.2d at 1236. The defendant's sentence had been enhanced based on the fact that the victim of the CSP was a relative. *Id.* The Court held that double jeopardy principles precluded the district court from enhancing the defendant's sentence for CSP pursuant to Section 31-8-15.1 based on the aggravating factor that the defendant and the victim were related because the defendant's conviction and sentence for incest already recognized the relationship of the victim and the perpetrator. *Swafford*, 112 N.M. at 16-17, 810 P.2d at 1236-37 (holding that the defendant's sentence could not be enhanced because the legislature had already considered the relationship between the defendant and the victim in setting the basic sentence for the crime of incest, a crime for which the defendant was being punished).

In this case, Defendant's six-year sentence is the basic sentence for a third degree felony resulting in the death of a human being and his basic sentence was not enhanced pursuant to Section 31-18-15.1 or any other aggravating or enhancing provision of the CSA. Therefore, the enhancement concerns discussed in *Swafford* do not apply. S*ee Compton v. Lytle,* 2003-NMSC-031, ¶ 19, 134 N.M. 586, 81 P.3d 39 (recognizing that the basic criminal sentences are provided in Section 31-18-15 of the CSA, and those sentences may then be "enhanced" pursuant to Sections 31-18-15.1 through-17 of that Act), *superseded by statute as recognized in State v. Tafoya*, 2010-NMSC-019, 148 N.M. 391, 237 P.3d 693; *cf. State v. Alvarado*, 1997-NMCA-027, ¶¶ 3, 11, 123 N.M. 187, 936 P.2d 869 (recognizing that what is now Section 31-18-15(A)(7), "provides that a *basic sentence* of *six years* imprisonment shall be imposed where an individual is convicted of a third degree felony 'resulting in the death of a human being'" (first emphasis added) and observing that the defendant was not subject to multiple punishments when his basic sentence was "enhanced" by one year pursuant to Section 31-18-16 based on his use of a firearm to commit the crime).

We note that Defendant also cites to *State v. Franklin*, 116 N.M. 565, 865 P.2d 1209 (Ct. App. 1993), in support of his contention that the district court improperly enhanced his sentence for shooting at or from a motor vehicle on the basis of the death

10

that was already factored into his punishment for voluntary manslaughter. However, *Franklin* does not support Defendant's argument because that case concerns whether the defendant's basic sentence imposed pursuant to Section 31-18-15 could be enhanced pursuant to Section 31-18-16, the firearm enhancement provision. This Court recognized that *Swafford* disapproved "using a required element of an offense twice in a sentencing proceeding—first, to establish the base sentence and, second, to aggravate or enhance the sentence. . . ." *Franklin*, 116 N.M. at 569, 865 P.2d at 1213. It then applied the reasoning of *Swafford* and held that double jeopardy prohibited the enhancement of the defendant's basic sentence for voluntary manslaughter by negligent use of a firearm by the firearm enhancement because possession of a firearm was an element of the offense itself. *Franklin*, 116 N.M. at 571, 865 P.2d at 1215.

Neither *Swafford* nor *Franklin* stands for the proposition that double jeopardy principles are violated merely because the defendant is subject to an increased basic sentence pursuant to Section 31-18-15(A) when the sentence includes no enhancements pursuant to Sections 31-18-15.1 or any other enhancement provision of the CSA.

In his reply brief, Defendant notes that the word "enhanced" has been used by our Supreme Court when discussing the sentence for shooting at or from a motor vehicle which results in death. *See Riley*, 2010-NMSC-005, ¶ 47 (Daniels, J.,

specially concurring); *Dominguez*, 2005-NMSC-001, ¶ 32 (Bosson, J., concurring in part and dissenting in part). However, in those cases, the only issue was whether convictions for voluntary manslaughter/murder and shooting at or from a vehicle violate double jeopardy principles; in neither case was the Court considering whether any alleged "enhancement" was illegal. *See generally, Riley*, 2010-NMSC-005, ¶¶ 39-49 (Daniels, J. and Chavez, J., specially concurring) (setting forth reasons why the rationale espoused in *Dominguez* for holding that convictions for voluntary manslaughter and shooting at or from a motor vehicle might warrant re-examination should a well-reasoned argument be presented at some future point).

Finally, Defendant's citation to *State v. Shije*, 1998-NMCA-102, 125 N.M. 581, 964 P.2d 142, fails to convince us that we have misunderstood the meaning of "enhanced" when considering double jeopardy concerns or the legality of Defendant's sentence. In *Shije*, this Court merely recognized that a defendant who commits a crime resulting in death is subject to a greater or "enhanced" basic sentence than a defendant who commits a crime which does not result in death. *Id.* ¶¶ 8-9. There is nothing in the language of this Court's opinion in *Shije* suggesting that it was considering the legality of a statutory enhancement to the basic sentence which would raise the type of potential double jeopardy implications addressed in *Swafford* and *Franklin*.

In sum, our Legislature has clearly provided that the basic sentence for any third degree felony, including shooting at or from a motor vehicle, is six years if the victim dies. *See* § 31-18-15(A)(7). Thus, the district court did not violate Defendant's double jeopardy rights in sentencing Defendant under Section 31-18-15(A)(7) for his conviction for shooting at or from a motor vehicle resulting in the death of the victim rather than under Section 31-18-15(A)(9), which only applies to a third degree felony which does not result in death.

**CONCLUSION**

For the reasons set forth above, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**