This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                    **No. 33,319**

**DARRYL PAUL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Works LLC
John A. McCall
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1} This case is before us on remand from our Supreme Court. We previously filed an opinion in this case affirming the district court's dismissal of Defendant's vehicular homicide charge for lack of jurisdiction. *State v. Paul*, No. 33,319, mem. op. (N.M. Ct. App. Mar. 26, 2015). The Supreme Court granted the State's petition for writ of certiorari and remanded the case for reconsideration of our decision in light of *State v. Steven B. (Steven B. II)*, 2015-NMSC-020, 352 P.3d 1181.

{2} Because this is a memorandum opinion and because we summarized the facts in our prior opinion, we do not reiterate the factual summary here. It suffices to say that we affirmed the district court's dismissal of the charges against Defendant by relying on our own precedent, *State v. Steven B. (Steven B. I)*, 2013-NMCA-078, 306 P.3d 509, and *State v. Dick*, 1999-NMCA-062, 127 N.M. 382, 981 P.2d 796. In those cases, we held that the area where the accident in the present case occurred—Parcel Three of the former Fort Wingate Military Reservation—was a dependent Indian community over which the State did not have jurisdiction. *See Steven B. I*, 2013-NMCA-078, ¶¶ 15-16; *Dick*, 1999-NMCA-062, ¶¶ 3-4. Our Supreme Court reversed the holding in *Steven B. I* and overruled the holding in *Dick* in *Steven B. II*. 2015-NMSC-020, ¶¶ 3, 36. The Court held that Parcel Three is not a dependent Indian community. *Steven B. II*, 2015-NMSC-020, ¶ 50.

{3} Because we are bound by Supreme Court precedent, *see Alexander v. Delgado*,

2

1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778, we now conclude that the district court erred in dismissing the charge against Defendant. We reverse the district court's judgment and remand for proceedings consistent with this Opinion.

{4}     **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**