This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40850

**VICTOR ROBERTSON,**

Plaintiff-Appellant,

v.

**NEW MEXICO CHILDREN, YOUTH
& FAMILIES DEPARTMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Denise Barela Shepherd, District Court Judge**

The Gilpin Law Firm, LLC
Kenneth C. Detro
Donald G. Gilpin
Albuquerque, NM

for Appellant

Keleher & McLeod, P.A.
Sean Olivas
Chris R. Marquez
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Plaintiff appeals from an order granting summary judgment in favor of Defendant. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Plaintiff continues to argue that the district court erred when it granted summary judgment in favor of Defendant, which we proposed to affirm on the basis that Plaintiff failed to establish a prima facie case of discriminatory termination. [CN 1-7] Although Plaintiff has attempted to provide more facts and context regarding the events that occurred during the two trainings and his subsequent termination, we remain unpersuaded.

**{3}** Plaintiff asserts that there are genuine issues of material fact such that his case should have gone to trial. [MIO 8-12] In our calendar notice, we suggested that Plaintiff failed to establish a prima facie case for discriminatory retaliation because he did not present sufficient evidence to meet the fourth element to show he had been discriminated against. [CN 4] *See Smith v. FDC Corp.*, 1990-NMSC-020, ¶ 11, 109 N.M. 514, 787 P.2d 433 (stating that "[a] prima facie case of discrimination may be made out by showing that the plaintiff is a member of the protected group, that [the plaintiff] was qualified to continue in [the] position, that [the plaintiff's] employment was terminated, and that [the plaintiff's] position was filled by someone not a member of the protected class"); *id.* (explaining that the fourth element can also be satisfied with evidence that "[the plaintiff] was dismissed purportedly for misconduct nearly identical to that engaged in by one outside of the protected class who was nonetheless retained"). In his memorandum in opposition, Plaintiff concedes that after he was terminated, the "position was left vacant" [MIO 8], and that he "made no . . . showing within the record proper" that he was dismissed for conduct that was nearly identical to one of the other employees in the training who was outside the protected class, and who retained their employment [MIO 11].

**{4}** Plaintiff, however, asserts that *Smith* "allows that [a] subtle confluence of facts may illustrate discrimination in a manner that does not fit with the fourth element of the *McDonnell* [*Douglas*] framework." [MIO 13] *See Smith*, 1990-NMSC-020, ¶ 11 (acknowledging that "[a] prima facie case may also be made out through other means; not all factual situations will fit into any one type of analysis, although unlawful discrimination may nevertheless be present"). Plaintiff points to federal case law in support of his contention that discriminatory termination can be shown through circumstantial evidence and that he "did not need to rely on the *McDonnell Douglas* presumption to establish a case for the jury." [MIO 13-14] Such authorities, however, do not govern our analysis when we have relevant and applicable New Mexico case law available. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778 ("[T]he Court of Appeals is to be governed by the precedents of [the New Mexico Supreme Court].").

**{5}** Nevertheless, we consider the additional facts Plaintiff has set forth in his memorandum in opposition to determine whether they are sufficient to satisfy the fourth element of the prima facie case. Plaintiff asserts that his account of what occurred during the two trainings is different than what Defendant claims happened. [MIO 15] He contends that Defendant's account is subjective and relies on "prejudicial language." [MIO 15-16] Despite these assertions, however, Plaintiff has not demonstrated that he presented sufficient evidence to establish the fourth element of the prima facie case for

discriminatory retaliation. *See Smith*, 1990-NMSC-020, ¶ 11; *see also Garcia v. Hatch Valley Pub. Schs.*, 2018-NMSC-020, ¶ 31, 458 P.3d 378 (holding that the plaintiff failed to present sufficient evidence to establish a prima facie case of discriminatory retaliation). Rather, Plaintiff proffered evidence purporting to show that he was treated less favorably than the other employees in the training because he was let go, "while others[] not in his age and race were retained." [RP 83] As stated in our calendar notice, Plaintiff's evidence consisted of testimony where he acknowledged that he had no evidence that he was terminated because of his age and that his evidence that he was terminated for his race was "because [he] was the only black person in that class." [RP 67; CN 7] This evidence, however, did not show that one or more of the other employees' performance in the trainings was "nearly identical" to that of Plaintiff's performance. *See Smith*, 1990-NMSC-020, ¶ 11; *Garcia*, 2018-NMSC-020, ¶¶ 31-32. As such, we conclude that Plaintiff's evidence is insufficient to rule out the most common nondiscriminatory reasons for his termination, and does not support an inference that he was terminated because of his race and age.

{6}     Finally, this Court's proposed summary disposition proposed to conclude that Plaintiff did not establish a prima facie case of retaliation and the district court did not err in denying his motion for summary judgment on that basis. [CN 7-9] Plaintiff has not responded to our notice of proposed summary affirmance on this issue in his memorandum in opposition. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

{7}     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order granting summary judgment in favor of Defendant.

{8}     **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**