This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39693**

**MICHAEL C. DOLVIN,**

Plaintiff-Appellant,

v.

**GIRIDHAR ANIREDDY, M.D.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Ellen R. Jessen, District Court Judge**

Michael C. Dolvin
Alamogordo, NM

Pro Se Appellant

Atwood, Malone, Turner & Sabin, P.A.
Carla Neusch Williams
Lee M. Rogers Jr.
Roswell, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**     Plaintiff, who is self-represented, appeals from a district court order dismissing his medical malpractice complaint. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}     Issue 1:** Plaintiff is challenging the district court's order dismissing his medical malpractice complaint as untimely under the applicable statute of repose. [RP 140; MIO 6] NMSA 1978, Section 41-5-13 (2021) states:

No claim for malpractice may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred.

**{3}** As a statute of repose, this provision limits suits to those that are filed within the statutory period, irrespective of tolling provisions that would otherwise apply in other tort actions. *See generally Tomlinson v. George*, 2005-NMSC-020, ¶¶ 8, 9, 138 N.M. 34, 116 P.3d 105 (discussing Section 41-5-13). One exception is the tolling provision for the period of time that the claim is pending before the Medical Review Commission (MRC). NMSA 1978, § 41-5-22 (1976).

**{4}** Here, Plaintiff's August 2017 complaint alleged that the medical malpractice occurred in 2010 and lasted until his mother's death in January 2011. [RP 1, 3-4] The complaint was not filed until over twice as long as the limitations period allowed. Although Plaintiff refers to a complaint in the MRC that he filed on behalf of his mother's estate, this Court previously concluded that Plaintiff lacked standing to bring that action. [MIO 8] *Dolvin v. Ruekhaus*, 34,798 memo op. (N.M. Ct. App. January 12, 2017) (nonprecedential). In any event, there is no indication that any MRC action tolled the filings period for a sufficient amount of time. As such, we conclude that the district court properly dismissed the complaint for failure to satisfy the limitations period. [RP 140]

**{5}** **Issue 2:** Plaintiff has claimed that this Court's March 30, 2022 order, permitting him to bring a Rule 1-060(B) NMRA motion in the district court during the pendency of this appeal was incorrect because he had already made the claim before that court. Given the large number of post-judgment documents filed by Plaintiff in this case, our March 30 order was intended as a good faith effort to allow Plaintiff to clarify any Rule 1-060 arguments that he may have made. [V. 7 RP 1590] As noted by Defendant, Plaintiff did not raise the remand option with the district court. [V. 7, RP 1588] We also note that the district court's order denying the motion to reconsider concluded that Plaintiff did not establish any grounds for setting aside the judgment under Rule 1-060(B). [V. 4 RP, 826] As a result, the district court has already ruled on Rule 1-060(B) arguments that had been made, and we are not persuaded that the district court ruling was incorrect.

**{6}** **Issue 3:** Plaintiff continues to claim that opposing counsel acted unethically. [MIO 11] This Court is not the proper forum to raise such complaints, which we will not address in the absence of a showing that Plaintiff was prejudiced. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**{7}** **Issue 4:** Plaintiff continues to claim that his due process rights were violated by the inability to present evidence or make additional arguments to the district court. As we explained in our March 30, 2022 order, Plaintiff is not permitted to endlessly bring motions to reconsider. [V. 7 RP 1591] In addition, Plaintiff has not established that this would change the outcome of the dispositive limitations period issue.

**{8}** **Issue 5:** Plaintiff has claimed that the Medical Malpractice Act is unconstitutional because (presumably) its limitations period denies him his right to pursue a claim. [DS 34] Our Supreme Court has held otherwise. *See Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶¶ 42, 43, 50-53, 121 N.M. 821, 918 P.2d 1321. We are bound by this precedent. *See Alexander v. Delgado*, 1973-NMSC-030, ¶¶ 8-10, 84 N.M. 717, 507 P.2d 778 (holding that the New Mexico Court of Appeals is bound by, and may not overrule or deviate from, New Mexico Supreme Court precedent). In addition, as we explained above, this Court has already addressed Plaintiff's lack of standing to bring the initial MRC action, and he thereafter did not file a complaint in district court that satisfied the limitations period.

**{9}** For the reasons set forth above, we affirm.

**{10}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**